**The PEOPLE of the State of Colorado, Complainant,**

v.

**Al Richard ZINN, Respondent.**

**No. 86SA426.**

Supreme Court of Colorado,
En Banc.

Dec. 21, 1987.

Linda Donnelly, Disciplinary Pros., Denver, for complainant.

Haddon, Morgan & Foreman, P.C.; Harold A. Haddon, Denver, for respondent.

KIRSHBAUM, Justice.

The respondent, Al Richard Zinn, was charged with professional misconduct in connection with his communications with a party adverse to a client whom he represented. On May 16, 1985, a hearing board of the Colorado Supreme Court Grievance Committee held an evidentiary hearing in connection with the complaint. On March 14, 1986, the hearing board concluded that the respondent had violated C.R.C.P. 241.6 and sections DR1–102(A)(1) (violation of a disciplinary rule) and DR7–104(A)(1) (communicating with an adverse party) of the Code of Professional Responsibility. In view of the fact that the respondent had been the subject of numerous prior disciplinary proceedings, the hearing board ordered both the respondent and the disciplinary prosecutor to submit independent proposals for appropriate discipline.

In a supplemental recommendation filed with the committee on August 11, 1986, the hearing board recommended the imposition of a conditional private censure upon the respondent, the appointment of a person to monitor his office practice for two years, and the proviso that, in the event the respondent violated any of the terms and conditions of the private censure, the censure should be vacated and the respondent suspended forthwith from the practice of law for a period of one year and one day.

On August 23, 1986, the hearing panel unanimously approved the hearing board's findings. A majority of the panel recommended imposition of a public censure without terms and conditions; the minority favored suspension of the respondent's license to practice law. Exceptions to the hearing panel's recommendations were filed by the respondent and by the disciplinary prosecutor. We conclude that the respondent's conduct, when coupled with his history of disciplinary proceedings, amply warrants suspension of the respondent from the practice of law for ninety days.

The respondent was admitted to the Bar of this court on April 1, 1961. Accordingly, he is subject to the jurisdiction of this court and its Grievance Committee with respect to his professional conduct.

In 1983, Michael Kissel retained the respondent in connection with a contested dissolution of marriage matter. A temporary orders hearing was scheduled for January 10, 1984. On January 9, 1984, a set-

tlement conference was held at the respondent's office. Mr. Kissel was represented by one of the respondent's associates; Mrs. Kissel was represented by her attorney. After the conference the Kissels left together.

At approximately 8:00 p.m., the Kissels returned to the respondent's office. Further discussions were held among the respondent, his client and Mrs. Kissel. Although the respondent informed Mrs. Kissel that he could not discuss the case without the consent of her attorney, he nevertheless proceeded to talk with her about several matters involved in the pending temporary orders hearing. Among the items discussed were Mrs. Kissel's employment history and earning capacity in relation to the issue of maintenance.

It is undisputed that the respondent on occasion used obscenities during the course of this conversation. All the participants were emotionally upset, and when the respondent told Mrs. Kissel that she was "worthless," she left his office in tears. A settlement of the issues to be addressed at the temporary orders hearing was reached by the parties the next day just prior to the commencement of those proceedings.

Disciplinary Rule 7–104(A)(1) provides that during the course of representing a client a lawyer shall not "[c]ommunicate ... on the subject of the representation with a party he knows to be represented by a lawyer in that matter unless he has the prior consent of the lawyer representing such other party or is authorized by law to do so." It is abundantly clear that the respondent violated both the letter and the spirit of this disciplinary rule. On the eve of a bitterly contested proceeding, when anxiety and other emotions were at a heightened level for both the respondent's client and Mrs. Kissel, the respondent admittedly was aware that he was prohibited by the Code of Professional Responsibility from directly communicating in any fashion with Mrs. Kissel. Nevertheless, the respondent offered extremely degrading opinions not only as to the merits of Mrs. Kissel's legal position but also as to her abilities and characteristics as a person. The fact that a settlement of the contested issues was achieved in no way reduces the

magnitude of the impropriety of the respondent's professional misconduct. Whatever the content, the communications were strictly prohibited by the Code of Professional Responsibility, and the respondent was aware of that prohibition.

Were this merely an isolated instance of conduct violative of the Code of Professional Responsibility, the hearing panel might well have reached different conclusions respecting the appropriate discipline in this case. The hearing panel so indicated in its findings and recommendations. However, the acts on January 9, 1984, did not constitute the respondent's only acts of professional misconduct considered by the Grievance Committee. Prior to the commencement of these proceedings, the respondent had received two private censures and five letters of admonition with respect to various acts of professional misconduct. Most of those matters involved the respondent's failure to respond in a timely or appropriate manner to issues or events related to his representation of clients. One letter of admonition resulted from the respondent's failure to withdraw promptly his representation of a client when asked to do so by the client. Another was occasioned by deceptive statements offered by the respondent in the course of representing a creditor in a collection case. This lengthy history of repeated violations of the Code of Professional Responsibility bears directly on the issue of appropriate discipline in this case. ABA *Standards for Imposing Lawyer Sanctions*, § 9.22(a) (1986).

The respondent indicated that the nature of his practice is demanding, in that he has a large number of clients and, accordingly, must discharge responsibilities in many different courts. Testimony was also offered to the hearing board that the respondent performed exceedingly valuable services for many people who might not otherwise obtain representation. Similarly, no dispute arose concerning the value of the contributions the respondent has made to assure legal representation for clients who do not have the ability to pay large sums for legal fees. Nevertheless, the board concluded that the respondent also injured many persons because the volume of his practice and his methods of dealing with

such a high-volume practice resulted in unwarranted and excessive delays in many cases.

The primary responsibility of an attorney is to represent each client faithfully and effectively with respect to the legal matters that the client has entrusted to the attorney. The respondent's conduct in communicating with Mrs. Kissel, whether resulting from a desire to serve his own client or from the pressure of realizing that a judicial hearing was scheduled the next day, was in itself misconduct of sufficient gravity to warrant severe sanction. In view of the history of repeated violations of the Code of Professional Responsibility that has characterized the respondent's legal practice, the court concludes that he should be suspended from the practice of law for a period of ninety days.

Accordingly, we order that Al Richard Zinn be suspended from the practice of law for a period of ninety days from the date of this opinion. The respondent shall also pay the costs of these proceedings, in the amount of $351.28, within thirty days of the date of this order to the Supreme Court Grievance Committee, 600—17th Street, Suite 500–S, Denver, Colorado 80202.