## The PEOPLE of the State of Colorado, Complainant,

v.

## John McEntire KNIGHT, Attorney–Respondent.

### No. 94SA326.

Supreme Court of Colorado, En Banc.

Nov. 7, 1994.

Linda Donnelly, Disciplinary Counsel, Kenneth B. Pennywell, Asst. Disciplinary Counsel, Denver, for complainant.

John McEntire Knight, pro se.

## PER CURIAM.

The respondent [1] in this attorney discipline case pleaded guilty to third-degree assault on his wife, contrary to section 18–3–204, 8B C.R.S. (1986), a class 1 misdemeanor. The assistant disciplinary counsel filed a formal complaint against the respondent alleging professional misconduct. A hearing panel of the Supreme Court Grievance Committee approved the findings and recommendation of a hearing board that the respondent be suspended from the practice of law for 180 days, be required to petition for reinstatement, and be assessed costs. Neither the assistant disciplinary counsel nor the respondent excepted to the panel's findings or recommendation. Because of the seriousness of the respondent's misconduct, we accept the panel's recommendation.

### I

The respondent did not answer the complaint filed by the assistant disciplinary counsel. The hearing board entered an order of default against the respondent, C.R.C.P. 241.13(b), and the allegations of fact contained in the complaint were deemed admitted. *Id.; People v. Kelley,* 840 P.2d 1068, 1068 (Colo.1992). Based on the complaint, and exhibits tendered by the assistant disciplinary counsel and the respondent, the board found that the following facts had been established by clear and convincing evidence:

2. Respondent is fifty-one years of age, and he and his wife have been married for twenty-two years. On September 23, 1992, Respondent was arrested in Teller County, Colorado, and charged with third degree assault on his wife in violation of C.R.S. 18–3–204. Third degree assault is a misdemeanor. According to the investigative report of the Teller County Sheriff's Office, Mrs. Knight reported that on Septem-

---

1. The respondent was admitted to the bar of this court on May 15, 1981, is registered as an attorney upon this court's official records, and is subject to the jurisdiction of this court and its grievance committee in these proceedings. C.R.C.P. 241.1(b). The respondent is currently on inactive status.

ber 21, 1992, Respondent began to beat her, that he beat her again on the following day and that on September 23, 1992, he again beat her, threw her to the ground, kicked her in the stomach and beat her with a belt. The police report reflects that the investigating officer noted numerous bruises on Ms. Knight's body. The police report also reflects that a friend of Ms. Knight reported that she had observed Ms. Knight approximately a year earlier with two black eyes, and that Ms. Knight had said that Respondent had punched her. Ms. Knight was hospitalized for a short period of time following the September 21—September 23, 1992 assault, but suffered no permanent injuries.

3. Respondent pled guilty to a charge of third degree assault, and on February 8, 1993, the court imposed a deferred judgment and sentence conditioned upon Respondent's completion of a thirty-six week domestic violence counseling program and a twenty-four month period with no criminal offenses. Respondent self-reported his conviction on February 17, 1993. Respondent has completed the domestic violence counseling program and has not had any other incident of this kind.

The hearing board concluded that the respondent's conduct violated DR 1–102(A)(6) (a lawyer shall not engage in conduct that adversely reflects on the lawyer's fitness to practice law), and C.R.C.P. 241.6(5) (any act or omission violating the criminal laws of a state or of the United States constitutes ground for lawyer discipline).

## II

The hearing panel approved the board's recommendation that the respondent be suspended for 180 days and be required to petition for reinstatement. The American Bar Association's *Standards for Imposing Lawyer Sanctions* (1991 & Supp.1992) (ABA *Standards* ), provide that, in the absence of aggravating or mitigating factors, "[s]uspension is generally appropriate when a lawyer knowingly engages in criminal conduct which does not contain the elements listed in Standard 5.11 and that seriously [and] adversely reflects on the lawyer's fitness to practice."

ABA *Standards* 5.12. There is evidence that the respondent has taken steps toward rehabilitation but, as we said in *People v. Wallace,* 837 P.2d 1223 (Colo.1992):

We do not minimize the importance of the steps toward rehabilitation that the respondent has already taken, nor are we unmindful of the consequences flowing from a suspension as opposed to private discipline. Our primary duty in attorney discipline cases, however, is to protect the public from unfit practitioners, and the respondent's multiple acts of violence are indicative of a "dangerous volatility which might well prejudice his ability to effectively represent his clients' interests given the pressures associated with the practice of law." *In re Nevill,* 39 Cal.3d 729, 217 Cal.Rptr. 841, 845, 704 P.2d 1332, 1336 (1985).

837 P.2d at 1224. The lawyer in *Wallace* was suspended after being convicted for assaulting a woman friend. *Id.* at 1223. *See also Committee on Professional Ethics & Conduct v. Patterson,* 369 N.W.2d 798 (Iowa 1985) (attorney indefinitely suspended with no possibility of reinstatement for three months for assaulting and causing serious injury to unresisting woman with whom the lawyer was romantically involved). In this case, the physical assaults and abuse that culminated in the respondent's arrest lasted for three days, and presented a significant danger of serious injury. Accordingly, we accept the panel's recommendation, including the requirement that the respondent petition for reinstatement and demonstrate that he has not participated in any further acts of domestic violence.

## III

It is hereby ordered that John McEntire Knight be suspended from the practice of law for 180 days, commencing immediately upon the issuance of this opinion. It is further ordered that Knight pay the costs of this proceeding in the amount of $161.11 within thirty days after the announcement of this opinion to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 920–S, Denver, Colorado 80202. Knight shall not be reinstated until after he has complied

with C.R.C.P. 241.22(b)–(d), and has demonstrated by clear and convincing evidence that he has not participated in any further acts of domestic violence.