**The PEOPLE of the State of Colorado, Complainant,**

v.

**Donald Joseph VSETECKA, Attorney–Respondent.**

**No. 95SA105.**

Supreme Court of Colorado, En Banc.

April 24, 1995.

**1310**

Linda Donnelly, Disciplinary Counsel, John S. Gleason, Asst. Disciplinary Counsel, Denver, for complainant.

Dennis W. Hartley, Colorado Springs, for attorney-respondent.

PER CURIAM.

The stipulation, agreement, and conditional admission of misconduct between the assistant disciplinary counsel and the respondent was approved by an inquiry panel of the Supreme Court Grievance Committee, with the recommendation that the respondent receive a public censure. We accept the conditional admission and the inquiry panel's recommendation.

I

The respondent was licensed to practice law in Kansas in 1972, and was admitted to the Colorado bar in 1986. The conditional admission states that the respondent joined a law firm in 1986, and became a partner in 1988. He gave written notice of his intention to leave on April 1, 1992, and continued to work there until April 30.

While still working for the firm, the respondent did not deposit in the firm's account a $183,000 fee that he earned as a member of the firm, but instead deposited it into his personal account. Under law firm policy, the respondent was entitled to all of the fee, but a dispute arose over the manner in which he handled it, and his responsibility for costs associated with the case that generated the fee. According to the partnership agreement, the respondent should have deposited the fee into the law firm's operating account rather than his personal account.

No agreement was reached on the disposition of the fee before the respondent left the law firm. Prior to settling the dispute with the firm, the respondent offered to pay $8,000 if the firm withdrew the request for investigation it had already filed which formed the basis of this disciplinary proceeding. As the respondent admits, this request violated DR 1–102(A)(5) (a lawyer shall not engage in conduct prejudicial to the administration of justice). *People v. Bennett,* 810 P.2d 661, 665–66 (Colo.1991) (requesting that client withdraw grievance filed against him violates DR 1–102(A)(5)); *People v. O'Leary,* 783 P.2d 843, 846 (Colo.1989) (lawyer's attempt to have client withdraw grievance complaint against lawyer to obtain funds held by the lawyer violated DR 1–102(A)(5) and (6)); *People v. Goldberg,* 770 P.2d 408, 410 (Colo. 1989) (asking former client that grievance charge be dismissed after settlement of civil action between attorney-respondent and client is reached violates DR 1–102(A)(5)).

▉ The firm refused to withdraw the grievance complaint. In any event, once a request for investigation has been filed, nothing short of deliberate misrepresentation by the complaining witness could affect grievance proceedings once they have been initiated. *See* American Bar Association *Standards for Imposing Lawyer Sanctions* 9.4(c) (1991 & Supp.1992) (ABA *Standards* ) (the withdrawal of the complaint against the lawyer is neither a mitigating nor an aggravating factor). After further negotiations, the respondent paid $8,000 anyway for his share of the law firm's capital expenses for the last two months he was with them.

The respondent has stipulated that his conduct also violated DR 1–102(A)(4) (a lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation); and DR 1–102(A)(6) (a lawyer shall not engage in conduct that adversely reflects on the lawyer's fitness to practice law).

II

While still at the law firm, the respondent represented two clients even after it became clear that a conflict existed because one of the clients had a claim against the other. Nevertheless, the respondent continued to represent both clients until one client re-

tained another lawyer, and he did not promptly withdraw from his representation of the other client even though the first client asked him to.

The respondent admits that his conduct violated DR 5–105(B) (a lawyer shall not continue multiple employment if the exercise of the lawyer's independent professional judgment in behalf of a client will be or is likely to be adversely affected by the lawyer's representation of another client, or if it would be likely to involve him in representing different interests, except to the extent permitted by DR 5–105(C)); and DR 2–110(B)(2) (a lawyer shall withdraw from employment if the lawyer knows or it is obvious that continued employment will violate a disciplinary rule).

### III

 In the conditional admission, the parties agreed that discipline in the range of public censure to a thirty-day suspension was appropriate. In approving the conditional admission, the inquiry panel recommended a public censure. At least a short period of suspension would ordinarily be warranted. *See* ABA *Standards* 4.32 (suspension is generally appropriate when a lawyer knows of a conflict of interest and does not disclose to the client the possible effect of the conflict and causes injury or potential injury to the client). The assistant disciplinary counsel indicates that the respondent's continued multiple representation caused no identifiable harm, although the potential for harm was present.

The complainant also stipulated that the respondent was cooperative during the disciplinary proceedings, a mitigating factor, *id.* at 9.32(e). Further, the respondent was candid with his partners about the legal fee that he deposited in his personal account, although his conduct breached the fiduciary duty he owed them.

Whether a public censure or short suspension is appropriate is a difficult question. The most significant factor in mitigation is the absence of any previous discipline in the respondent's twenty-two years of practice. We have concluded, therefore, that we will

accept the stipulation, agreement, and conditional admission of misconduct, and the inquiry panel's recommendation.

### IV

It is hereby ordered that Donald Joseph Vsetecka be publicly censured. It is further ordered that the respondent pay the costs of this proceeding in the amount of $98.51 within thirty days after the announcement of this opinion to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 920–S, Denver, Colorado 80202.