**The PEOPLE of The State of Colorado, Complainant,**

v.

**Ronald Scott NELSON, Attorney–Respondent.**

**No. 97SA159.**

Supreme Court of Colorado, En Banc.

July 14, 1997.

Linda Donnelly, Disciplinary Counsel, John S. Gleason, Deputy Disciplinary Counsel, Denver, for Complainant.

Nancy L. Cohen Denver, for Attorney–Respondent.

PER CURIAM.

A hearing board recommended that the respondent in this lawyer discipline case be suspended from the practice of law for thirty days and that he be ordered to comply with certain additional conditions. A hearing panel of the supreme court grievance committee generally approved the board's findings and recommendations. Neither the respondent nor the complainant excepted to the panel's action. We accept the recommendations and order that the respondent be suspended for thirty days.

## I

The respondent was initially licensed to practice law in this state in 1985. The board found that the respondent was retained to represent the husband in a dissolution of marriage proceeding in Arapahoe County District Court. The wife was represented by John Byrne. The dissolution was very contentious and acrimonious so that many issues that would normally be resolved by compromise had to be litigated. The contentious nature of the parties eventually damaged the relationship between the lawyers, which became strained. The hearing board determined that the respondent's client was very

difficult, and was, in fact, the most difficult client the respondent has ever represented.

On February 23, 1994, the respondent and his client were scheduled to appear at a hearing at 1:30 p.m. concerning a contempt citation brought by the client's wife. The respondent picked up his client for the hearing. The client had been drinking and became very agitated on the way to the hearing, causing the respondent to become agitated and upset.

The respondent and his client were a few minutes late for the hearing, and when they arrived, Byrne was standing in the doorway to the courtroom. The respondent and his client went inside and Byrne asked the respondent, twice, if he had checked in with the courtroom clerk. The respondent misunderstood Byrne and thought he was asking if the respondent was ready for the hearing. At the same time, the respondent's client was talking to him. The combination of events caused the respondent to lose control of his emotions and he became so angry that he told his client in a loud voice, "I'm tired of this shit." Byrne mistakenly thought the comment was directed at him.

The respondent got up to leave and approached Byrne who was still standing in the doorway partially blocking it. The respondent then told Byrne, "Get out of my way." The respondent used his forearm to push Byrne aside. Byrne lost his balance and fell back against the door. As a result, Byrne injured his lower back, which became sore but did not require medical treatment. The hearing board found that the respondent did not intend to injure Byrne when he pushed him.

As a result of this courtroom incident, charges of third degree assault and harassment were filed against the respondent. The respondent was acquitted of the harassment charge but was convicted of the third degree assault charge. The respondent's sentence was a $500 fine, which he paid. Section 18–3–204, 8B C.R.S. (1986) provides:

> 18–3–204. **Assault in the third degree.** A person commits the crime of assault in the third degree if he knowingly or recklessly causes bodily injury to another person or with criminal negligence he causes bodily injury to another person by means of a deadly weapon. Assault in the third degree is a class 1 misdemeanor.

The respondent did not notify the Office of Disciplinary Counsel of his conviction within ten days as required by C.R.C.P. 241.16(b), but he did report it during the pendency of his appeal, before the conviction was affirmed. The board found that the failure to timely report the conviction was caused by the incorrect advice of respondent's lawyer.

The respondent admitted that his conduct violated Colo. RPC 8.4(h) (engaging in conduct that adversely reflects on the lawyer's fitness to practice law); and C.R.C.P. 241.6(5) (violating the criminal laws of a state or of the United States).

## II

The hearing panel accepted the board's recommendation that the respondent be suspended for thirty days and be required to comply with certain conditions. The parties have not excepted to this recommendation.

The respondent has a history of discipline which is an aggravating factor for purposes of analyzing the appropriate level of discipline. *See* ABA *Standards for Imposing Lawyer Sanctions* 9.22(a) (1991 & 1992 Supp.) (ABA *Standards* ). He was publicly censured in 1993 for misconduct involving neglect and misrepresentations. *See People v. Nelson,* 848 P.2d 351, 352 (Colo.1993). He also received two letters of admonition earlier this year, one for neglect and one for failure to appear at a trial.

The hearing board made the following additional findings relevant to the determination of the proper sanction. In November 1994, the respondent sought professional counseling from a licensed psychologist, Dr. Shelly Smith–Acuna, for emotional problems. She has diagnosed the respondent as suffering from attention deficit disorder and from depression. The respondent was referred to a psychiatrist for medication and he currently takes medication for depression and for attention deficit disorder. Dr. Smith–Acuna believes that the respondent will need at least another six months of psychotherapy

and that he must continue taking his medications.

Although these disorders did not cause the respondent to assault Byrne in the courtroom, they did contribute to the overall high level of stress and emotional difficulty the respondent was experiencing at the time of the misconduct. The hearing board found that the respondent's emotional disorders contributed to his overall problem of disorganization which he is attempting to correct through ongoing psychotherapy and the consensual monitoring of his practice by another attorney.

The assault in this case was not part of an ongoing pattern of violence, *cf. People v. Knight,* 883 P.2d 1055, 1056 (Colo.1994) (suspending lawyer for 180 days with requirement of petition for reinstatement following conviction for third-degree assault occurring over a three-day period), but it was related to the practice of law in that it occurred in a courtroom in front of other parties and witnesses. We therefore think that at least a short period of suspension is appropriate, especially considering the respondent's prior discipline.

The hearing board found the existence of the following mitigating factors: the presence of personal or emotional problems, *see* ABA *Standards* 9.32(c); full and free disclosure during the disciplinary process, *see id.* at 9.32(e); and the expression of remorse, *see id.* at 9.32(*l*). In view of the recommended conditions and these mitigating factors, we conclude that a thirty-day suspension is adequate.

### III

Accordingly, it is hereby ordered that Ronald Scott Nelson be suspended from the practice of law for thirty days, effective thirty days after the date of this opinion. *See* C.R.C.P. 241.21(a). It is further ordered that the respondent comply with the following conditions:

1. At his own expense, the respondent shall obtain psychiatric or psychological counseling from a duly licensed psychiatrist or clinical psychologist for a period of at least six months after the termination of his suspension. The respondent shall furnish evidence to the Office of Disciplinary Counsel that he is complying with this condition by furnishing a written report every three months; provided, however, that should it be determined after six months of such treatment by the psychiatrist or psychologist that the respondent no longer needs psychiatric or psychological help, the respondent may furnish the Office of Disciplinary Counsel a written statement from the psychiatrist or psychologist so certifying, by affidavit or under penalty of perjury. In such event, no further reports shall be required and the respondent shall not be required to obtain further psychiatric or psychological help.

2. It is further ordered that the respondent shall be referred to another lawyer, who is satisfactory to the Office of Disciplinary Counsel and who is not the respondent's counsel, who shall serve as monitor of the respondent's law practice for a period of six months after the conclusion of the respondent's suspension. The respondent shall promptly review these terms and conditions with the monitor to establish the manner and schedule for his compliance. While these conditions are in effect, the respondent shall furnish any reports concerning his compliance that the monitor may request. The respondent shall fully cooperate with the monitor to enable the monitor to discharge her or his duties.

It is also ordered that the respondent pay the costs of this proceeding in the amount of $192.72 to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 920–S, Denver, Colorado 80202, within thirty days after the announcement of this opinion.