**In the Matter of Steven W. HICKOX, Attorney–Respondent.**

**No. 01SA371.**

Supreme Court of Colorado,
En Banc.

Oct. 28, 2002.

John S. Gleason, Attorney Regulation Counsel, Debora D. Jones, Assistant Regulation Counsel, Denver, Colorado, Attorney for Petitioner.

George S. Meyer, Denver, Colorado, Attorney for Attorney–Respondent.

Justice RICE delivered the Opinion of the Court.

In this case, the People appeal the form of discipline imposed on Respondent, Steven W. Hickox. The Hearing Board found that Respondent violated Colorado Rule of Professional Conduct (RPC) 8.4(b) and C.R.C.P. 251.5(b) by pleading guilty to disturbing the peace, assault, and domestic violence. In addition, the Board found that Respondent

violated Colo. RPC 3.4(c) and C.R.C.P. 251.20(b) by failing to report his guilty plea to the Regulation Counsel.

The Hearing Board, after considering the aggravating and mitigating circumstances, concluded that the proper form of discipline was a private letter of admonition. We granted review and now hold that the sanction imposed by the Hearing Board was insufficient. We impose a suspension for a period of six months.

## I. FACTS AND PROCEDURAL HISTORY

Respondent, Steven W. Hickox, was admitted to the bar in 1981. This is the fourth time he has been the subject of disciplinary proceedings. He received private letters of admonition in 1992 and 1994 and a public censure in 1995. *See People v. Hickox*, 889 P.2d 47 (Colo.1995).

This proceeding arose out of an incident of domestic violence between Respondent and his estranged wife, Cinthia Belle. In 1997, after six years of marriage, Belle initiated a dissolution of marriage proceeding. In September 1999, two weeks before the permanent orders hearing, Belle went to the Respondent's home, the former marital residence, to mark her personal property. While Belle was in the residence, Respondent suspected that she had removed the phone number of his girlfriend from a bulletin board. He became angry and grabbed Belle by her right wrist. He turned her right arm behind her back while escorting her up the basement staircase. Belle stumbled and fell.[1] She crawled up the remaining stairs, regained her footing, and walked out of the house. Belle called the police and Respondent was arrested.

In December 1999, Respondent pled guilty to disturbing the peace, assault, and domestic violence. He received a deferred judgment and sentence for one year and was ordered to pay restitution. He was also required to attend thirty-six weeks of anger management counseling.

Soon after his guilty plea in the criminal case, Respondent learned that Belle had filed a grievance against him. He mistakenly believed that this relieved him of his obligation to self-report the conviction. Therefore, he failed to report his conviction to the Regulation Counsel as required by C.R.C.P. 251.20(b).

The Hearing Board found that Respondent violated Colo. RPC 8.4(b) and C.R.C.P. 251.5(b) by pleading guilty to a criminal act and Colo. RPC 3.4(c) and C.R.C.P. 251.20(b) by failing to report his guilty plea. The Board concluded that Respondent's conduct warranted only a private letter of admonition. The People petitioned this court for review and that review was granted.

## II. ANALYSIS

The Hearing Board found that Respondent violated two rules of professional conduct. We do not disturb this finding. The only issue, therefore, is whether the sanction imposed by the Board was appropriate. After reviewing the discipline selected by the Board, as well as the mitigating and aggravating factors identified by the Board, in light of our prior decisions, we conclude that the sanction imposed by the Board was manifestly insufficient. The appropriate sanction in this case is suspension.

We will affirm the decision of the Hearing Board unless we determine that its findings of fact are clearly erroneous or that the form of discipline it imposed (1) bears no relation to the conduct, (2) is manifestly excessive or insufficient in relation to the needs of the public, or (3) is otherwise unreasonable. C.R.C.P. 251.27(b); *In re Elinoff*, 22 P.3d 60, 63 (Colo.2001). As in any other appeal, we review conclusions of law de novo. *In re Quiat*, 979 P.2d 1029, 1038 (Colo.1999).

The Hearing Board found, by clear and convincing evidence, that Respondent violated two Rules of Professional Conduct. Respondent violated Colo. RPC 8.4(b) and C.R.C.P. 251.5(b) based on his pleading guilty to a criminal act. Rule 8.4(b) provides that it is professional misconduct to "commit

---

1. Photographs of Ms. Belle's injuries were introduced at the hearing. They reveal severe bruising on her right wrist and other bruises on her left arm, left leg, and right hip.

a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects." Under C.R.C.P. 251.5(b), grounds for discipline include, "[a]ny act or omission which violates the criminal laws of this state."

In addition, the Board found that Respondent violated Colo. RPC 3.4(c) and C.R.C.P. 251.20(b) based on his failure to advise the Office of Attorney Regulation Counsel of his conviction. Rule 251.20(b) requires that an attorney, "upon being convicted of a crime, . . . shall notify the Regulation Counsel in writing of such conviction within ten days after the date of the conviction." A violation of this Rule also constitutes a violation of Colo. RPC 3.4(c) (knowingly disobeying an obligation under the rules of a tribunal).

The Board's findings of fact are supported by the evidence and we will not disturb them. Instead, the only issue in this case is whether the form of discipline imposed by the Hearing Board—a private letter of admonition—is manifestly insufficient in relation to the needs of the public.

There are four forms of discipline which the Hearing Board could impose: disbarment, suspension, public censure, or private admonition. *See* C.R.C.P. 251.6. The ABA Standards for Imposing Lawyer Sanctions (1991 & 1992 Supp.) describe the circumstances in which each of these sanctions may be appropriate.

Disbarment is appropriate where a lawyer engages in, (1) "serious· criminal conduct" such as crimes involving fraud or misrepresentation, theft, distribution of controlled substances, or murder, or (2) "any other intentional conduct involving dishonesty, fraud, deceit, or misrepresentation, that seriously adversely reflects on the· lawyer's fitness to practice." ABA Standard 5.11.

Suspension is appropriate when "a lawyer knowingly engages in *criminal conduct* which does not contain the elements listed in Standard 5.11 and that *seriously adversely reflects on the lawyer's fitness to practice.*" ABA Standard 5.12 (emphasis added).

Public Censure is appropriate when a lawyer knowingly engages in "any other conduct that involves dishonesty, fraud, deceit, or misrepresentation and that adversely reflects on the lawyer's fitness to practice law." ABA Standard 5.13.

Finally, private admonition is appropriate when a lawyer "engages in any other conduct that reflects adversely on the lawyer's fitness to practice law." ABA Standard 5.14.

The presence of aggravating or mitigating factors may increase or decrease the sanction. *See* ABA Standards 9.2 and 9.3.

■ We hold that suspension is the appropriate discipline in this case. Respondent's conduct satisfies the requirements of ABA Standard 5.12 in that he knowingly engaged in criminal conduct and the nature of the conduct "seriously adversely reflects on [his] fitness to practice." The presumptive sanction is therefore suspension, not a private admonition as determined by the Hearing Board.

Specifically, Respondent's conduct was undoubtedly "criminal." Respondent stipulated prior to the hearing that he pled guilty to disturbing the peace, assault, and domestic violence. Although the stipulation did not identify the specific statute or municipal ordinance to which Respondent pled guilty, Respondent's attorney admitted that Respondent pled guilty to third degree assault, a class 1 misdemeanor. § 18–3–204, 6 C.R.S. (2002).

■ In addition, we conclude that Respondent's conduct "seriously adversely reflects on [his] fitness to practice." We have traditionally taken a serious view of misconduct by an attorney involving the infliction of bodily harm on another. In numerous recent decisions, we have considered similar conduct and found it sufficiently serious to warrant suspension. In each case, the length of the suspension depended on the seriousness of the assault and the aggravating and mitigating factors present. *See People v. Musick,* 960 P.2d 89 (Colo.1998) (approving a suspension of one year and a day where respondent physically assaulted his girlfriend on three separate occasions); *People v. McGuire,* 935 P.2d 22 (Colo.1997) (approving a suspension of six months where respondent, shortly after two DUI convictions, was convicted of disturbing the peace and damaging private

property in connection with a domestic disturbance); *People v. Nelson*, 941 P.2d 922 (Colo.1997) (approving a suspension of thirty days where respondent was convicted of third degree assault); *People v. Reaves*, 943 P.2d 460 (Colo.1997) (approving a suspension of six months where respondent, within a span of fifteen months, was convicted of driving while ability impaired, as well as harassment and disorderly conduct arising out of two separate incidents of domestic violence); *People v. Shipman*, 943 P.2d 458. (Colo.1997) (approving a suspension of six months where respondent pled guilty to assault and battery arising from an altercation with his wife and later was convicted of driving while ability impaired); *People v. Knight*, 883 P.2d 1055 (Colo.1994) (approving a suspension of six months after respondent pled guilty to third degree assault on his wife where the evidence showed that he beat his wife on three separate occasions, threw her to the ground, and kicked her in the stomach).[2]

Because Respondent was convicted of criminal conduct which "seriously adversely reflects on [his] fitness to practice," we conclude that the presumptive form of discipline is suspension. However, this sanction may be increased or decreased depending on the presence of certain aggravating or mitigating factors. To support a private admonition in this case, as the Hearing Board ordered, we would expect to find substantial mitigating factors and few, if any, aggravating factors. However, our review reveals that while there were a few mitigating factors, there were also aggravating factors.

The Hearing Board identified three mitigating factors. *See* ABA Standard 9.32 (identifying factors which may be considered in mitigation). First, the Board noted that Respondent and Ms. Belle had no prior or subsequent incident of violence. Second, Respondent completed the thirty-six week anger management counseling program or-

dered by the court. Third, Respondent expressed remorse for his misconduct.

The Hearing Board also identified four potential aggravating factors: (1) the vulnerability of the victim, (2) Respondent's substantial prior experience in the practice of law, (3) Respondent's prior disciplinary offenses, and (4) the fact that Respondent violated multiple rules of conduct. *See* ABA Standard 9.22 (identifying factors which may be considered in aggravation).

First, the Board considered the vulnerability of the victim, Ms. Belle. The vulnerability of the victim is a proper factor to consider for aggravation. *See* ABA Standard 9.22(h); *People v. Brailsford*, 933 P.2d 592, 595 (Colo. 1997). In *Brailsford*, respondent pled guilty to third degree sexual assault arising out of an attack on his wife. We held that the hearing board erred by not finding that the victim was vulnerable. *Id.* at 595. We noted that the respondent used the privacy associated with the marital relationship to assault his wife at a time and place when rescue was unlikely. *Id.* In addition, we noted that the victim was especially vulnerable because of the disparity in size of the parties. *Id.*

The People claim that Ms. Belle was vulnerable because she was in a weakened physical condition resulting from the effects of cancer treatment. In 1995, Belle was diagnosed with breast cancer and underwent substantial surgery, chemotherapy, and radiation treatment. There was evidence presented that she continued to be in a weakened state at the time of the incident. However, the Hearing Board found, by clear and convincing evidence, that Belle had recovered from the cancer by the time of the incident. It concluded that she was not vulnerable and therefore it did not consider that as an aggravating factor. Although we might have found otherwise, because this is ultimately a question of fact, we defer to the Hearing Board's conclusion that the victim was not vulnerable.[3]

**2.** Respondent argues that the Hearing Board sanction is consistent with the current practice of the Office of Regulation Counsel in granting diversion in domestic violence cases. He provides summaries of several recent diversion agreements where the level of violence was similar to that at issue here. Private discipline, such as private admonitions or diversion agreements, are

not binding precedent and citation to them has been discouraged by this court. *People v. Small*, 962 P.2d 258, 260 n. 1 (Colo.1998).

**3.** Although we defer to the Board on this issue, there was substantial evidence presented at the hearing that would indicate to us that the victim was vulnerable at the time of the assault. From

The second aggravating factor considered by the Board was Respondent's substantial experience in the practice of law. *See* ABA Standard 9.22(i). The Board concluded, however, that this factor was not relevant since greater or lesser experience would not necessarily make the misconduct at issue here less likely. We agree.

The third aggravating factor identified by the Board was the prior disciplinary record of the Respondent. This is the fourth time Respondent has faced disciplinary sanctions. None of the prior offenses involved a criminal conviction or failure to report a conviction. Respondent received a private letter of admonition in 1992 and another in 1994. In 1995, he was publicly censured for violating five separate disciplinary rules. *See People v. Hickox*, 889 P.2d 47 (Colo.1995).[4]

In light of this history of prior discipline, the Hearing Board did not give proper weight to Respondent's prior disciplinary record in determining the sanction. The Board concluded that because the prior violations were "remote in time" and unrelated to the current misconduct, they should not be "given great weight in arriving at the appropriate sanction." *People v. Hickox*, 01PDJ042, (Nov. 8, 2001) (opinion and order imposing sanctions) at 6; *see* ABA Standard 9.32(m) (noting that remoteness of prior offenses is a mitigating factor).

However, in 1999, when this incident occurred, Respondent's prior disciplinary offenses were only seven, five, and four years old, respectively. This is not "remote." It is true that the prior disciplinary offenses involved misconduct that was different than the assault at issue here. However, prior disciplinary offenses need not be of a similar nature in order to be an aggravating factor. *See* ABA Standard 9.22(a). This court has frequently considered prior disciplinary conduct of a dissimilar nature an aggravating factor. *See People v. Bertagnolli*, 922 P.2d 935, 938 (Colo.1996) (noting that a prior disciplinary violation for making a false statement to an arbitration panel should be considered an aggravating factor when determining the appropriate sanction for conviction of two counts of third degree sexual assault); *People v. Goldberg*, 770 P.2d 408, 411 (Colo.1989) (noting that respondent's "unprofessional conduct taken alone might not warrant suspension, but the lengthy history of repeated violations requires suspension."); *People v. Zinn*, 746 P.2d 970, 971 (Colo.1987) (noting that respondent's history of disciplinary violations for failing to diligently represent his clients, for failing to promptly withdraw from representation, and for making deceptive statements during representation, should be considered when determining his sanction for improperly communicating with an adverse party). We conclude that the Board erred in not weighing Respondent's prior disciplinary offenses more heavily in determining the appropriate sanction.

Finally, the Board considered the fact that this case involved multiple disciplinary violations. Shortly after his guilty plea on the criminal charges, Respondent learned that Ms. Belle had filed a grievance with the Office of Attorney Regulation Counsel. He mistakenly believed that this relieved him of his obligation to self-report. The Board correctly found that Respondent's failure to report his conviction violated Colo. RPC 3.4(c) and C.R.C.P. 251.20(b). However, because of

---

April 1995 through February 1996, Ms. Belle underwent surgery, radiation treatment, multiple rounds of chemotherapy, and a bone marrow transplant. The treatments resulted in osteoporosis, arthritis, and painful swelling in her left arm because of the removal of her lymph nodes. Although the extent to which she had recovered from these conditions was in controversy, it was undisputed that at the time of the assault she remained on disability benefits, was unable to work full time, and continued to suffer pain and swelling in her left arm. In fact, Respondent testified that he intentionally grabbed the victim by her right arm in order to avoid further damaging her injured left arm.

4. In that case, this court noted that because of the multiple offenses, it was a "close question" whether a public censure or a period of suspension was appropriate. *Hickox*, 889 P.2d at 49. However, because he acted negligently, rather than with a more culpable mental state, we accepted the stipulated sanction of public censure. *Id.* We noted, however, that "some members of the court would have rejected the stipulation because the recommended sanction was too lenient." *Id.*

Respondent's "genuine misconception" about the applicability of the requirement and the absence of any adverse impact upon the regulatory process, the Board concluded that no increased sanction was needed.

The rule requiring attorneys to report a conviction is clear; it provides no exception for a mistaken belief or misconception regarding its applicability. Accordingly, the Board should have considered Respondent's failure to self-report as an aggravating factor.

### III. CONCLUSION

We hold that the criminal conduct in this case "substantially reflects adversely on [Respondent's] fitness to practice." ABA Standard 5.12. Therefore, the proper form of discipline is suspension. We recognize that the level of violence involved in Respondent's conduct was less than that involved in some of this court's prior cases involving domestic violence by attorneys. However, because of Respondent's prior disciplinary record, we conclude that a suspension is warranted. Based on our review of the aggravating and mitigating factors, Respondent shall be suspended from the practice of law for a period of six months, effective thirty days after the date of this opinion.