### The PEOPLE of the State of Colorado, Complainant,

v.

### Lawrence R. HILL, Respondent.

### No. 03PDJ001.

Office of the Presiding Disciplinary Judge of the Supreme Court of Colorado.

June 11, 2003.

Opinion by a Hearing Board consisting of the Presiding Officer THOMAS J. OVERTON, and Hearing Board Members DAVID M. HERRERA, and SISTO J. MAZZA, both members of the bar.

### OPINION AND ORDER IMPOSING SANCTIONS

*SANCTION IMPOSED: ATTORNEY SUSPENDED FOR A PERIOD OF SIX MONTHS, ALL STAYED PENDING A TWO–YEAR PERIOD OF PROBATION WITH CONDITIONS*

A trial in this matter was held on May 13, 2003, before a Hearing Board consisting of Presiding Officer Thomas J. Overton and two Hearing Board Members, David M. Herrera and Sisto J. Mazza, both members of the bar. Gregory G. Sapakoff, Assistant Regulation Counsel, represented the People of the State of Colorado (the "People"). Craig L. Truman represented respondent Lawrence R. Hill, ("Hill"), who was also present.

At the trial, the People's exhibits 1 and 2, and Hill's exhibits A, B and C were admitted into evidence. Lawrence Hill testified on his own behalf. Hill confessed to Complainant's Motion for Judgment on the Pleadings which was approved on February 19, 2003. The essential factual allegations were therefore deemed admitted. The Hearing Board considered the testimony of the witness, the

---

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S.2002.

exhibits admitted into evidence, the facts established by the entry of judgment on the pleadings, and made the following findings of fact which were established by clear and convincing evidence.

## I. FINDINGS OF FACT

Lawrence R. Hill has taken and subscribed the oath of admission, was admitted to the bar of the Supreme Court on May 26, 1988, and is registered upon the official records of the Court, attorney registration number 17447. He is subject to the jurisdiction of this court pursuant to C.R.C.P. 251.1(b).

On or about April 23, 2002, Hill pled guilty to a charge of third degree assault in violation of § 18–3–204, 6 C.R.S. (2002) in Jefferson County Court, Case No. 01CR3267. Hill's plea and conviction stems from an incident of family violence that occurred on or about October 13, 2001. At the time of the incident, Hill lived with his wife, his sixteen-year-old stepson, his wife's son from a previous marriage, and two younger children (four and six years old at the time) from his current marriage. Since Hill's marriage, the family had experienced problems with the stepson.

On the date of the incident, Hill had from five to eight mixed drinks and dinner over a four to five hour period at a bar located a considerable distance from Hill's home.

Upon returning home around midnight, Hill confronted his stepson about a cellular telephone belonging to Hill which his stepson had used. Hill's stepson told Hill he had given Hill's cell phone to a friend. Upon hearing that his stepson had given away his telephone, and noting his disrespectful tone of voice, Hill became enraged. A violent altercation initiated by Hill ensued, during which Hill struck his stepson in the face with his fist, causing damage to and bleeding from Hill's stepson's nose.

Mrs. Hill called 911 to report the incident and told the 911 operator, "my husband, Larry Hill, is beating up on my son." While Mrs. Hill was on the telephone with the 911 operator, Hill's stepson emerged from the house with his face bleeding. During the call, Hill followed his stepson out of the house and again violently attacked him. Police arrived at the scene and took Hill into custody. Hill's stepson was taken to a hospital, where he was treated for a broken nose. The nose was originally broken in an automobile accident.

As part of his plea and conviction in Case No. 01CR3267, Hill was sentenced to one year of supervised probation, payment of court costs (which have been paid), and continued treatment and counseling for alcohol and anger management issues. Included in the conditions of probation was the requirement that Hill "not use alcohol or use unlawfully any controlled substance or other mood altering drug or substance." Hill received notice of the conditions of probation on or about April 25, 2002.

Hill was evaluated by two certified addictions counselors and Hill's pastor. One counselor concluded that Hill exhibited an addiction to alcohol which was confirmed by his unwillingness or inability to refrain from drinking. Included in her recommendations was Hill's total abstinence from alcohol, given Hill's denial of alcohol dependence.

Hill saw the other addictions counselor on June 17, 2002, during the period of his probation. Hill stated that "his current (and usual) use of alcohol was '6–8 beers a week, mostly on the weekend.' " He thus did not fully comply with the conditions of his probation by remaining abstinent from alcohol use. With regard to the court-ordered alcohol treatment and anger management, Hill sought treatment from his pastor who is not licensed in these fields. Hill's pastor saw Hill on twenty-three occasions over a year's time, commencing in February 2002.

Following the violent incident, Hill's stepson went to live with his biological father. Hill and his wife sought therapy, and currently enjoy a more tranquil relationship.

Hill self-reported his conviction to the Office of Attorney Regulation Counsel.

## II. CONCLUSIONS OF LAW AND IMPOSITION OF SANCTION

The Complaint filed in this matter alleges a violation of Colo. RPC 8.4(b)(it is profes-

sional misconduct for a lawyer to commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects) constituting grounds for discipline pursuant to C.R.C.P. 251.5(b)(misconduct by an attorney, including any act or omission which violates the criminal laws of the state, shall constitute grounds for discipline). Hill's plea and conviction in Case No. 01CR3267 is, for purposes of these disciplinary proceedings, conclusive proof of Hill's commission of the crime of third degree assault. Pursuant to C.R.C.P. 12(c), judgment on the pleadings was entered on all essential factual allegations of the Complaint, including the allegation that Hill violated Colo. RPC 8.4(b) and his conduct constitutes grounds for discipline. *See* C.R.C.P. 251.20(h)(stating that the term of conviction includes any ultimate finding of fact in a criminal proceeding that an individual is guilty of a crime). The violation of Colo. RPC 8.4(b) constituting grounds for discipline pursuant to C.R.C.P. 251.5(b) is therefore established. *See In re Kearns*, 991 P.2d 824, 826 (Colo.1999).

### III.  IMPOSITION OF SANCTION

The Colorado Supreme Court's decision, *In re Hickox*, 57 P.3d 403 (Colo.2002), concerned an attorney who pled guilty to disturbing the peace, assault and domestic violence, arising from the attorney's grabbing the wrist of his estranged wife while escorting her up the basement staircase. The attorney's conduct violated Colo. RPC 8.4(b), constituting grounds for discipline pursuant to C.R.C.P. 251.5(b). The Court found that suspension was the appropriate sanction, citing ABA *Standard for Imposing Lawyer Sanctions* (1991 & Supp.1992), § 5.12, which states that suspension is appropriate when "a lawyer knowingly engages in criminal conduct which does not contain the elements listed in Standard § 5.11 and that seriously adversely reflects on the lawyer's fitness to

practice." [1]  As in the present case, the attorney in *Hickox* pled guilty to third degree assault, a class 1 misdemeanor. The Court further stated:

> We have traditionally taken a serious view of misconduct by an attorney involving the infliction of bodily harm on another. In numerous recent decisions, we have considered similar conduct and found it sufficiently serious to warrant suspension. In each case, the length of the suspension depended on the seriousness of the assault and the aggravating and mitigating factors present.

57 P.3d at 405, *citing People v. Musick*, 960 P.2d 89 (Colo.1998); *People v. McGuire*, 935 P.2d 22 (Colo.1997); *People v. Nelson*, 941 P.2d 922 (Colo.1997); *People v. Reaves*, 943 P.2d 460 (Colo.1997); *People v. Shipman*, 943 P.2d 458 (Colo.1997), and *People v. Knight*, 883 P.2d 1055 (Colo.1994).

The Supreme Court concluded that because the attorney was convicted of criminal conduct which "seriously adversely reflects on [his] fitness to practice," the presumptive form of discipline was suspension, which may be increased or decreased depending on the presence of certain aggravating or mitigating factors.

Given the facts of the present case, under the Supreme Court's holding in *Hickox* and authority referred to therein, a period of suspension is warranted for Hill's assault of his stepson. However, unlike the attorney in *Hickox*, Hill has had no prior disciplinary record, a mitigating factor pursuant to ABA *Standard* 9.32(a). The Hearing Board also considered that Hill's assault of his stepson occurred over two years ago. Since that date, Hill and his wife have attended counseling and the family remains intact. Also, in contrast to *Hickox*,[2] Hill made full and free disclosure to the Office of Attorney Regulation Counsel and had a cooperative attitude toward the proceedings, *see* ABA *Standard* 9.32(e). Importantly, Hill expressed genuine

---

1. The elements contained in ABA *Standard* 5.12 include crimes involving fraud or misrepresentation, theft, distribution of controlled substances, or murder, or "any other intentional conduct involving dishonesty, fraud, deceit, or misrepresentation, that seriously adversely reflects on the lawyer's fitness to practice."

2. In *Hickox*, the attorney's failing to report his conviction constituted a violation of Colo. RPC 3.4(c) and C.R.C.P. 251.20(b).

remorse for his conduct in assaulting his stepson, considered a mitigating factor pursuant to ABA *Standard* 9.32(*l*). Hill's completion of other penalties or sanctions are not considered pursuant to ABA *Standard* 9.32(k) insofar as Hill did not abstain from alcohol consumption during the one year period of probation nor did Hill seek out or complete formal anger management courses.

In aggravation, ABA *Standard* 9.22(g) provides that the refusal to acknowledge wrongful nature of conduct may be considered as an aggravating factor. Although Hill freely acknowledges that assaulting his stepson was wrong, he demonstrated complete denial of any alcohol problem. The evidence raises a concern that Hill suffers from alcohol dependence. The use of alcohol clearly caused Hill to act with poor judgment on the night of the incident: he drove a considerable distance from the bar to his home and then initiated the conflict with his stepson. Although considered a single instance of assault, Hill, after first striking his stepson, returned a few minutes later and again assaulted his son. Hill's own testimony evidenced an unwillingness to confront any question of alcohol abuse. When confronted with several opinions that such a problem exists, Hill dismissed it as being a result of misperception or misunderstanding. Hill has, since the incident giving rise to this proceeding, worked to keep his family together, and has maintained his law practice. He has not established, however, that he has addressed an ongoing addiction to alcohol use.

The Hearing Board is charged with the task of protecting the public. Given the mitigating and aggravating factors set forth above, a period of suspension, all stayed pending the successful completion of a two-year period or probation is warranted with conditions as set forth below.

### IV. ORDER

It is therefore ORDERED:

1. Lawrence R. Hill is suspended from the practice of law for a period of six months, the full period of suspension stayed pending the successful completion of a two-year period of probation, subject to the following conditions:

A. Hill shall attend and successfully pass the one-day Ethics School sponsored by the Office of Attorney Regulation Counsel within one year of the date of this Order and pay all costs associated therewith. The respondent shall register and pay the costs of Ethics School within thirty (30) days of the date of this Order.

B. HILL SHALL NOT ENGAGE IN ANY CONDUCT WHICH RESULTS IN THE IMPOSITION OF ANY FORM OF DISCIPLINE AS PROVIDED IN C.R.C.P. 251.6 OR C.R.C.P. 251.7, OR AN ORDER OF IMMEDIATE SUSPENSION AS PROVIDED IN C.R.C.P. 251.8 OR 251.8.5 DURING A PERIOD OF TWO YEARS FROM THE DATE OF THIS ORDER. HILL SHALL COMPLY WITH ALL LOCAL, STATE AND FEDERAL CRIMINAL LAWS.

C. Hill shall abstain from the use of alcohol or any controlled substance during the two-year period of probation.

D. Hill shall contact Exempla West Pines, or such other facility approved by the Division of Alcohol and Drug Abuse, and schedule an evaluation regarding his alcohol use. Based on the evaluation, Hill shall complete the course of treatment recommended by West Pines or other treatment facility. In the event the treatment ends prior to the two-year period of probation, Hill shall advise the Office of Attorney Regulation Counsel within thirty (30) days of his successful completion, and provide a Certificate of Completion signed by an appropriate official of the treatment facility to the Office of Attorney Regulation Counsel.

E. Hill shall file a monthly Report with the Office of Attorney Regulation Counsel regarding the status of his compliance with the conditions set forth herein.

F. Hill shall submit to random breath analysis or urine analysis tests on a monthly basis. The results of the testing shall be provided directly to Hill and to the Office of Attorney Reg-

ulation Counsel by the testing facility. Hill shall specifically advise the Office of Attorney Regulation Counsel of the outcome of the monthly test in his monthly report.

G. Hill shall pay for and successfully complete at least an eight hour course in anger management from a Certified Treatment Provider through the Jefferson County Probation Office, which provides a list of the available programs. Hill shall provide a Certificate of Completion to the Office of Attorney Regulation Counsel within thirty (30) days of the completion of the program.

2. It is anticipated that this probation will end in June 2005. Hill has the obligation to comply with all requirements of C.R.C.P. 251.7, including the timely filing of an affidavit. Hill acknowledges that he carries the burden of establishing that all conditions of probation have been timely met in order to avoid imposition of the remainder of his six month suspension.

3. Hill's violation of any condition of probation as set forth herein may result in the imposition of the full six month period of suspension in accordance with C.R.C.P. 251.7(e).

4. Pursuant to C.R.C.P. 251.32, Hill shall pay the costs and administrative costs in conjunction with this matter. Complainant shall file a Statement of Costs within fifteen (15) days of the date of this Order; Hill shall have ten (10) days thereafter to file a Response.