**The PEOPLE of the State of Colorado, Complainant,**

v.

**John S. McGUIRE, Attorney–Respondent.**

**No. 97SA69.**

Supreme Court of Colorado, En Banc.

April 7, 1997.

Linda Donnelly, Disciplinary Counsel, James C. Coyle, Assistant Disciplinary Counsel, Barbara Ezyk, Investigative Counsel, Denver, for Complainant.

John S. McGuire, Aurora, pro se.

PER CURIAM.

An inquiry panel of the supreme court grievance committee approved a stipulation, agreement, and conditional admission of misconduct entered into between the respondent and the assistant disciplinary counsel. *See* C.R.C.P. 241.18. The conditional admission and the panel recommended that the respondent be suspended from the practice of law for six months, be required to petition for reinstatement, and comply with certain additional conditions. We accept the conditional admission and the inquiry panel's recommendation.

I

The respondent was admitted to practice law in Colorado in 1973. The conditional admission states that the respondent was convicted of driving under the influence (DUI) on November 4, 1992. He failed to report this conviction as required by C.R.C.P. 241.16(b). As a result of the DUI conviction, the respondent was issued a probationary driver's license for work-related purposes. Although he was eligible for reinstatement of his license in 1993, he did not apply. Nevertheless, he began to drive for purposes that were not work-related.

On October 21, 1994, the respondent traveled to Colorado Springs to watch his daughter's soccer game. On the way back to Denver, the respondent was stopped and arrested for another DUI violation. His blood alcohol test disclosed 0.302 grams of alcohol per 100 millimeters of blood. The respondent pleaded guilty to DUI on October 18, 1995, second offense, and of driving under suspension. He was sentenced to twelve days in jail and eighteen months probation. He was required to attend a victim impact panel, attend Level II alcohol education, do forty hours of Level II therapy, continue on antabuse, complete sixty hours of community service, and pay costs and fines of $736. The respondent has completed his jail time and is attending Alcoholics Anonymous meetings in addition to the alcohol education and therapy classes.

As he has admitted, the foregoing conduct violated R.P.C. 8.4(d) (engaging in conduct that adversely reflects on the lawyer's fitness to practice law); and C.R.C.P. 241.6(5) (violating the criminal laws of a state or of the United States).

II

The respondent has also stipulated to the following facts and disciplinary violations. When the respondent attempted to enter the family home on May 16, 1996, his wife refused to let him into the apartment. The respondent forced the door open. As a result, he was charged with disturbing the peace and damaging, defacing or destroying private property, violations of the Denver Municipal Code. On June 24, 1996, the respondent pleaded guilty to disturbing the peace. A no-contact order was entered and will remain in effect until June 1997. The respondent failed to appear at his sentencing hearing on July 25, 1996, and a warrant was issued for his arrest. Following his arrest, the respondent was sentenced to sixty days in jail, suspended, one year of probation, and was ordered to pay court costs.

The respondent stipulated that his conduct violated R.P.C. 8.4(b) (committing a criminal

act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer); and C.R.C.P. 241.6(5).

### III

The inquiry panel approved the conditional admission with the recommendations that the respondent be suspended for six months, be required to petition for reinstatement, and be required to comply with certain additional conditions.

The respondent was convicted of two DUI violations, and of driving while his license was suspended. He was also convicted of disturbing the peace and was arrested after he did not attend his mandatory sentencing hearing. The parties have stipulated that the following aggravating and mitigating factors apply under the ABA *Standards for Imposing Lawyer Sanctions* (1991 & 1992 Supp.) (ABA *Standards*). In aggravation, the respondent had a selfish and dishonest motive in driving while his license was suspended after his first conviction for DUI. *See* ABA *Standards* 9.22(b). He has also demonstrated a pattern of misconduct involving alcohol-related offenses, *see id.* at 9.22(c); and there are multiple offenses, *see id.* at 9.22(d).

In mitigation, the respondent has no prior discipline in twenty-three years of practice, *see id.* at 9.32(a); he was experiencing personal or emotional problems at the time of the misconduct, *see id.* at 9.32(c); he has made full and free disclosure during these disciplinary proceedings, *see id.* at 9.32(e); other penalties and sanctions have been imposed on him by the criminal justice system, *see id.* at 9.32(k); and he has demonstrated remorse, *see id.* at 9.32(*l*). The conditional admission also states:

> The respondent admits that he has a chemical dependency to alcohol, and that he has not taken adequate, affirmative measures to deal with this chemical dependency. The parties agree that this dependency on alcohol was principally responsible for the respondent's conduct; however, without treatment, the respondent recognizes that he will not be fit to practice law.

Considering the seriousness of the multiple acts of misconduct together with the factors in mitigation, and the conditions the respondent has agreed to comply with, we agree that the recommended discipline is appropriate. Accordingly, we accept the conditional admission and the inquiry panel's recommendations.

### IV

Accordingly, it is hereby ordered that John S. McGuire be suspended from the practice of law for six months, effective thirty days after the issuance of this opinion. The respondent must petition for reinstatement pursuant to C.R.C.P. 241.22(b)–(d). It is further ordered that the respondent comply with the following additional conditions for reinstatement. The respondent must demonstrate prior to reinstatement:

(1) that there are no medical or psychological bases (including but not limited to a continuing dependency on alcohol) that actually impair the respondent's abilities to fulfill his responsibilities as a lawyer; and

(2) that he has complied with all conditions of probation.

It is also ordered that the respondent pay the costs of this proceeding in the amount of $105.68 within thirty days after the announcement of this opinion to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 920–S, Denver, Colorado 80202.