**The PEOPLE of the State of Colorado, Complainant,**

v.

**Robert James REAVES, Attorney–Respondent.**

**No. 97SA207.**

Supreme Court of Colorado, En Banc.

Aug. 18, 1997.

Linda Donnelly, Disciplinary Counsel, James C. Coyle, Assistant Disciplinary Counsel, Denver, for Complainant.

Robert James Reaves, Denver, Pro Se.

**PER CURIAM.**

This lawyer discipline proceeding comes to us on a stipulation, agreement and conditional admission of misconduct between the respondent and the assistant disciplinary counsel. C.R.C.P. 241.18. The conditional admission recommended that the respondent be disciplined by a suspension from the practice of law in the range of three to six months. An inquiry panel of the supreme court grievance committee approved the conditional admission with the recommendation of six-month suspension. We accept the conditional admission and the inquiry panel's recommendation.

## I

The respondent was admitted to practice law in Colorado in 1987. The parties stipulated to the following facts and disciplinary violations.

## A

The respondent was arrested on April 10, 1994 for driving under the influence of alcohol. His blood alcohol content was 0.301%. On February 1, 1995, the respondent pleaded guilty to driving while ability impaired and was sentenced to forty-five days in jail, suspended; twenty-four months probation; forty hours of Level II alcohol education; and forty-eight hours of useful public service. He was also required to use antabuse during probation; pay $416 in court costs; attend a victim impact panel; and regularly partici-pate in the Colorado Lawyers Health Program for attorneys with substance abuse problems. The respondent has admitted that he violated Colo. RPC 8.4(b) (committing a criminal act that reflects adversely on fitness as a lawyer), and C.R.C.P. 241.6(5) (violating the criminal laws of a state). Because he did not report his DWAI conviction to the Office of Disciplinary Counsel within ten days, he also violated C.R.C.P. 241.16(b).

## B

The respondent was arrested on a domestic violence charge involving his wife on October 22, 1993. They became involved in an argument on that date which escalated into a pushing and shoving match. After he told her to get out of his life, he stopped her from leaving by pulling her back into the apartment. He kicked her around her legs and she kicked back.

On September 6, 1994, the respondent pleaded guilty to harassment, a class 3 misdemeanor, *see* § 18–9–111(1)(a), 8B C.R.S. (1986). He received a deferred judgment contingent on the completion of twenty-four months probation and forty-eight hours useful public service. He was also required to complete a domestic violence evaluation and abide by the evaluator's recommendations, which he has done. The respondent complied with the conditions of the deferred judgment and the matter has been dismissed. The respondent has stipulated that the foregoing conduct again violated Colo. RPC 8.4(b), C.R.C.P. 241.6(5), and C.R.C.P. 241.16.

## C

On November 27, 1993, the respondent was again arrested for domestic violence involving his wife. While they were in their motor vehicle, the respondent threw a drink at his wife as she tried to leave the car, and then grabbed her to stop her from getting out. He drove home and left his wife at the apartment.

He returned about an hour-and-a-half later and the argument resumed. There was a pushing and shoving match, part of which occurred in a hallway, at which time she yelled for a neighbor to call the police.

When the police arrived, the respondent told his wife not to make a sound and not to answer the door. When the police gained entry twenty minutes later by means of a maintenance person, the respondent came out of the bedroom, falsely told the police that he had been sleeping for the past two hours, and asked them what was going on. The respondent was nevertheless taken into custody.

The respondent pleaded guilty to disorderly conduct, a class 1 petty offense, *see* § 18–9–106(1)(a), 8B C.R.S. (1986), and was placed on eighteen months probation. He has admitted that his conduct violated Colo. RPC 8.4(b), C.R.C.P. 241.6(5), and C.R.C.P. 241.16.[1]

## II

The inquiry panel approved the conditional admission with the recommendation that the respondent be suspended for six months. The respondent was convicted of DWAI, and convicted of harassment and disorderly conduct arising from two separate domestic violence incidents involving his wife. Under the ABA *Standards for Imposing Lawyer Sanctions* (1991 & 1992 Supp.) (ABA *Standards*), in the absence of aggravating or mitigating factors, suspension is appropriate when "a lawyer knowingly engages in criminal conduct which does not contain the elements listed in Standard 5.11 and that seriously adversely reflects on the lawyer's fitness to practice." *Id.* at 5.12.

The multiple offenses are an aggravating factor. *See id.* at 9.22(d). The parties have further stipulated:

In mitigation, the respondent has no prior discipline, *id.* at 9.32(a), and is presently not practicing law; the respondent states that his separation from the practice of law is the result of a self-imposed punishment. Additionally, the respondent has complied with all conditions imposed as a result of his convictions (in fact, he did ten domestic violence classes and five alcohol therapy classes over and above that number required by the court), and has remained

abstinent from the use of alcohol for a period of almost three years. This abstinence has allowed the respondent and his wife to rebuild their marriage. The respondent is also a volunteer with Habitat for Humanity. Furthermore, the respondent has been fully cooperative throughout these proceedings, *id.* at 9.32(e), and received other penalties or sanctions as a result of the convictions, *id.* at 9.32(k). Finally, the respondent has expressed remorse throughout these proceedings, *id.* at 9.32(*l*).

In *People v. McGuire*, 935 P.2d 22, 24 (Colo.1997), also a conditional admission case, the court suspended the lawyer for six months with the requirement that he petition for reinstatement. McGuire was convicted on two driving under the influence charges, driving under suspension, and disturbing the peace. *Id.* at 23. The latter conviction arose from domestic violence, but apparently involved less aggravated conduct than in either of the incidents in this case. *Id.* Similarly, in *People v. Shipman*, 943 P.2d 458, 459 (Colo. 1997), an opinion announced contemporaneously with this one, the lawyer was convicted of DWAI and careless driving, and was also convicted of assault and battery arising from a domestic violence incident involving his wife. We suspended Shipman for six months. *Id.*, 943 P.2d at 460. Given the overall similarity between this case and *McGuire* and *Shipman*, we conclude that a suspension for a period of six months is appropriate in this case also. Accordingly, we accept the conditional admission and the inquiry panel's recommendation. Some members of the court, however, would have rejected the conditional admission and returned the case to the grievance committee for further proceedings.

## III

It is hereby ordered that Robert James Reaves be suspended from the practice of law for six months, effective immediately

---

1. The formal complaint filed in this case did not charge the respondent with a violation of Colo. RPC 8.4(c) for lying to the police.

upon the issuance of this opinion. It is also ordered that the respondent pay the costs of this proceeding in the amount of $1,237.79 within thirty days of the announcement of this opinion to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 920–S, Denver, Colorado 80202.