The PEOPLE of the State of
Colorado, Complainant,

v.

James Kenney SHIPMAN,
Attorney–Respondent.

No. 97SA209.

Supreme Court of Colorado,
En Banc.

Aug. 18, 1997.

Linda Donnelly, Disciplinary Counsel, James C. Coyle, Assistant Disciplinary Counsel, Denver, for Complainant.

Jeffrey A. Chase, Denver, for Attorney–Respondent.

PER CURIAM.

The respondent in this lawyer discipline case pleaded guilty to driving while ability impaired following an automobile collision, and in a separate proceeding was convicted of assaulting his wife. The parties executed a stipulation, agreement, and conditional admission of misconduct, see C.R.C.P. 241.18, which recommended that the respondent be suspended from the practice of law in the range of three months to six months. An inquiry panel of the supreme court grievance committee approved the conditional admission and recommended a six-month suspension. We accept the conditional admission and the inquiry panel's recommendation of a six-month suspension.

## I

The respondent was admitted to practice law in this state in 1973. The conditional admission provides as follows.

## A

The respondent caused an automobile collision between his car and another vehicle on August 20, 1995. The impact drove both vehicles onto the shoulder of the road and the police were called. After failing the roadside sobriety test, the respondent was arrested. His blood alcohol content was 0.138%.

The respondent was not injured in the accident. The wife of the driver of the other vehicle and two friends riding in the vehicle were transported to the hospital. The two friends were treated with physical therapy and have been released from treatment. The driver's wife continues to receive treatment for neck, back, and jaw pain. The driver began experiencing dizziness about a week after the accident and is being treated for a closed head injury, dislocated jaw, and slipped disk. The respondent's automobile insurance paid for the damage to the other vehicle and for the use of a rental vehicle.

On January 16, 1996, the respondent pleaded guilty to driving while ability impaired (DWAI) and careless driving. He was sentenced to thirty days in jail, suspended; ordered to pay court costs of $379; a $100 fine, suspended; twenty-four hours of useful public service; and required to submit to an alcohol evaluation and to follow the recommendations of the evaluator. The respondent has completed all of these requirements and paid the costs.

The respondent has admitted that the foregoing conduct violated Colo. RPC 8.4(b) (committing a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer); and C.R.C.P. 241.6(5) (violating the criminal laws of a state or of the United States constitutes ground for lawyer discipline).

## B

On July 7, 1991, the respondent was involved in an argument with his wife (now ex-wife). She states that he grabbed her and threw her down on the floor, choked her and held her nose while attempting to strangle her. She suffered bruises and contusions to her upper right arm and a laceration to her left hand. In the conditional admission, the respondent states, under oath, "that he was trying to leave the house and she was blocking his exit, so he pushed her."

He was charged with assault, in violation of Aurora Municipal Code § 27-37, and battery, § 27-38. On September 17, 1991, the respondent pleaded guilty to assault and battery and was sentenced to thirty days in jail, with twenty-nine days suspended; and ordered to pay fines of $250 and $45 in costs. He has paid the fines and costs.

The respondent did not report his domestic violence conviction to the Office of Disciplinary Counsel as required by C.R.C.P. 241.16(b). His conduct again violated Colo. RPC 8.4(b) and C.R.C.P. 241.6(5).

## II

The inquiry panel approved the conditional admission, with the recommendation of a six-month suspension. Under the ABA *Standards for Imposing Lawyer Sanctions* (1991 & Supp.1992) (ABA *Standards*), in the absence of aggravating or mitigating factors, suspension is an appropriate sanction when "a lawyer knowingly engages in criminal con-

duct which does not contain the elements listed in Standard 5.11 and that seriously adversely reflects on the lawyer's fitness to practice." ABA *Standards* 5.12.

We publicly censured the lawyer in *People v. Fahselt*, 807 P.2d 586, 587–88 (Colo.1991), following his convictions for failure to maintain compulsory insurance, vehicular assault (a class 5 felony), driving under the influence of intoxicating liquor, reckless driving, and failure to maintain compulsory insurance.

In *People v. McGuire*, 935 P.2d 22, 24 (Colo.1997), we suspended the lawyer for six months with the requirement that he petition for reinstatement. McGuire was convicted on two driving under the influence charges, driving under suspension, and disturbing the peace, arising from a domestic violence incident. *Id.* at 23.

Similarly, in *People v. Reaves*, 943 P.2d 460, 461 (Colo.1997), an opinion announced contemporaneously with this one, the lawyer was convicted of DWAI, and was also convicted of harassment and disorderly conduct arising from two separate domestic violence incidents. In approving the conditional admission in that case, we suspended Reaves for six months. *Id.* at 462.

In aggravation, there are multiple offenses, *see* ABA *Standards* 9.22(d); and the respondent has substantial experience in the practice of law, *see id.* at 9.22(i). The assistant disciplinary counsel has stipulated to the following factors in mitigation: the respondent has no prior discipline in twenty-three years of practice, *see id.* at 9.32(a); he did not have a dishonest or selfish motive, *see id.* at 9.32(b); the respondent was experiencing personal and emotional problems at the time of the domestic violence conviction as it occurred in the midst of a tense divorce, *see id.* at 9.32(c); he has evidenced a cooperative attitude toward these proceedings, *see id.* at 9.32(e); his municipal convictions constitute other penalties and sanctions that have been imposed, *see id.* at 9.32(k); and the respondent has demonstrated remorse, *see id.* at 9.32(*l* ).

Given the seriousness of the respondent's conduct and its similarity to the facts in *McGuire* and *Reaves,* we conclude that suspension for six months is an appropriate sanction. Accordingly, we accept the conditional admission and the inquiry panel's recommendation.

### III

It is hereby ordered that James Kenney Shipman be suspended from the practice of law for six months, effective thirty days after this opinion is issued. The respondent is also ordered to pay the costs of this proceeding in the amount of $76.75 within thirty days of the date on this decision to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 920–S, Denver, Colorado 80202.