**The PEOPLE of the State of Colorado, Complainant,**

v.

**Tom Alan VAN BUSKIRK, Attorney–Respondent.**

**No. 98SA218.**

Supreme Court of Colorado, En Banc.

July 27, 1998.

Linda Donnelly, Disciplinary Counsel, James C. Coyle, Assistant Disciplinary Counsel, Denver, for Complainant.

Craig L. Truman, Denver, for Attorney–Respondent.

PER CURIAM.

The respondent in this lawyer discipline case, Tom Alan Van Buskirk, was licensed to practice law in Colorado in 1988. This case involves two formal complaints. He entered into a stipulation, agreement, and conditional admission of misconduct with the assistant disciplinary counsel. *See* C.R.C.P. 241.18. An inquiry panel of the supreme court grievance committee approved the conditional admission, including its recommendation that Van Buskirk be suspended for six months and be required to petition for reinstatement. We accept the conditional admission and recommendation of discipline.

## I. GC 96B–46

On August 22, 1995, Van Buskirk attended a baseball game in Denver with the representative of a client insurance company and with another lawyer, from New Mexico. After leaving a downtown bar, Van Buskirk drove his vehicle and passengers towards Glendale. When he realized that he had turned onto the wrong street, he attempted to make a U-turn across two lanes of traffic, and struck another vehicle driven by Stacey Bertram. Her vehicle sustained about $3,000 in property damage and was not driveable. Van Buskirk asked if Bertram was injured and she said she was not. He told her that he was going to move his vehicle to the side of the road. When he got back into his car, however, he panicked, and drove away. As he was driving from the scene, the other lawyer insisted that he stop. Van Buskirk did stop, but only to let the lawyer and client representative out of the car. He then drove away. The New Mexico lawyer went back to the scene to assist Bertram and to give a statement to the police.

The next morning, Van Buskirk telephoned the Glendale Police Department and made arrangements to come in and speak with an officer. He met with the officer that afternoon and was subsequently charged with traffic violations for a cumulative total of twenty-eight points. Van Buskirk pleaded guilty to hit and run (twelve points) and careless driving (four points). The sentencing hearing is discussed below in section II(B).

Van Buskirk has stipulated that the foregoing conduct violated Colo. RPC 8.4(h) (engaging in conduct adversely reflecting on a lawyer's fitness to practice law).

## II. GC 97B-63

### A. Count I

In May 1994, Van Buskirk was arrested for disturbing the peace and trespassing under the Denver Municipal Code. He states that he went to the back door of what he thought was his girlfriend's home. It was not her home, however, and Van Buskirk's knocking at the door frightened the resident of the house. The police arrived and arrested him. He pleaded guilty to disorderly conduct and received a deferred sentence. He thereby violated Colo. RPC 8.4(b) (committing a criminal act that adversely reflects on the lawyer's honesty, trustworthiness, or fitness as a lawyer); Colo. RPC 8.4(h) (engaging in conduct adversely reflecting on a lawyer's fitness to practice law); and C.R.C.P. 241.6(5) (violating the criminal laws of a state or of the United States). Because he failed to report this conviction to the Office of Disciplinary Counsel, he also violated C.R.C.P. 241.16(b).

### B. Count II

Van Buskirk was arrested for driving under the influence of alcohol (DUI) on April 26, 1996. In July 1996, he pleaded guilty to DUI and was ordered to undergo an alcohol evaluation prior to sentencing. He was sentenced in October 1996 for the DUI in conjunction with the convictions for careless driving and leaving the scene of an accident addressed above. He was sentenced to five days in jail, ninety-six hours of community service, ordered to pay fines and court costs, and attend alcohol level II education. Van Buskirk has now served his sentence and satisfied the conditions. He has admitted that by driving under the influence he again violated Colo. RPC 8.4(b), Colo. RPC 8.4(h), and C.R.C.P. 241.6(5).

### C. Count III

The complaint in GC 97B-63 also charged Van Buskirk with violating the criminal laws of Colorado by trespassing and wiretapping in a former girlfriend's apartment. At the time the conditional admission was executed, these charges were pending in the Arapahoe County District Court. A hearing board has granted a motion to sever this Count III from the other counts. There is no stipulation with respect to these charges. This count will therefore survive the acceptance of the conditional admission by the court, and will be tried following resolution of the criminal charges. The parties have stipulated that this is the only way to achieve a quick resolution of the charges in GC 96B-46 while allowing Van Buskirk to address the criminal charges pending in Arapahoe County District Court before disciplinary proceedings. *See* C.R.C.P. 241.25(g) ("All disciplinary proceedings which involve complaints with material allegations substantially similar to the material allegations of a criminal prosecution pending against the respondent may be deferred until the conclusion of such prosecution.").

### III.

The inquiry panel approved the conditional admission and its recommendation of a six-month suspension with reinstatement proceedings. Under the ABA *Standards for Imposing Lawyer Sanctions* (1991 & Supp. 1992) (ABA *Standards*), in the absence of aggravating or mitigating factors, suspension is an appropriate sanction when "a lawyer knowingly engages in criminal conduct which does not contain the elements listed in Standard 5.11 and that seriously adversely reflects on the lawyer's fitness to practice." ABA *Standards* 5.12.

In *People v. McGuire*, 935 P.2d 22, 24 (Colo.1997), we suspended McGuire for six

months with the requirement that he petition for reinstatement. He was convicted on two driving under the influence charges, driving under suspension, and disturbing the peace, arising from a domestic violence incident. *Id.* at 23. *See also People v. Reaves,* 943 P.2d 460, 461 (Colo.1997) (imposing six-month suspension for lawyer convicted of DWAI, and harassment and disorderly conduct arising from two separate domestic violence incidents involving his wife); *People v. Shipman,* 943 P.2d 458, 460 (Colo.1997) (suspending lawyer for six months following convictions for DWAI, careless driving, and domestic violence).

Van Buskirk's criminal and traffic convictions demonstrate a pattern of misconduct, *see* ABA *Standards* 9.22(c), and the presence of multiple offenses, *see id.* at 9.22(d). In mitigation, he has not been previously disciplined, *see id.* at 9.32(a); he has made full and free disclosure and cooperated in these proceedings, *see id.* at 9.32(e); other penalties or sanctions have already been imposed, *see id.* at 9.32(k); and he has expressed remorse, *see id.* at 9.32(*l*).

Given the seriousness of the misconduct, and taking into account the mitigating factors, we have concluded that a suspension for six months with the requirement of reinstatement proceedings is appropriate. Accordingly, we accept the conditional admission and the inquiry panel's recommendation.

## IV.

It is hereby ordered that Tom Alan Van Buskirk be suspended from the practice of law for six months, effective thirty days after the issuance of this opinion. Van Buskirk must petition for reinstatement pursuant to C.R.C.P. 241.22(b)-(d). It is also ordered that Van Buskirk pay the costs of this proceeding in the amount of $262.61 within thirty days after the announcement of this opinion to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 920–S, Denver, Colorado 80202.