### PEOPLE of the State of Colorado, Complainant,

v.

### Benjamin Antonio JARAMILLO, Respondent.

### No. GC98C57.

Office of the Presiding Disciplinary Judge of the Supreme Court of Colorado.

Feb. 9, 1999.

**FINDINGS OF FACT, CONCLUSIONS OF LAW AND IMPOSITIONS OF SANCTIONS**

This matter was heard on January 28, 1999 before the presiding disciplinary judge and two hearing board members, Henry C. Frey and Richard P. Daly, both members of the Bar. Christyne A. Czarnowsky, Assistant Regulation Counsel[1] represented the People

("complainant"). Mr. Jaramillo ("Jaramillo") failed to appear.

## I. BACKGROUND

This matter was previously set for trial on January 11, 1999. The morning of trial, Jaramillo filed a Motion to Continue Hearing via facsimile stating that he was unable to attend the trial because he was prevented by court order from leaving the jurisdiction of Conejos County, Colorado until March 28, 1999. To accommodate Jaramillo, the court continued the trial to January 28, 1999.

By Order dated January 12, 1999, Magistrate Leonard, who had entered the Order restricting Jaramillo's movements, entered a minute order allowing Jaramillo to appear at trial in Denver on January 28, 1999. The complainant effected service of the Notice of Rescheduled Hearing on Jaramillo through the Conejos County Sheriff's Department on January 15, 1999. On January 28, 1999, Jaramillo failed to appear. The court finds that Jaramillo was provided with adequate notice of the January 28, 1999 trial date.

## II. JURISDICTION

Jaramillo has taken and subscribed the Oath of Admission, was admitted to the bar of this court on October 14, 1994, and is registered upon the official records of this court, registration no. 24615. Jaramillo is subject to the jurisdiction of this court pursuant to C.R.C.P. 251.1(b).

## III. CHARGES

The Complaint in this matter was filed April 28, 1998 alleging that Jaramillo's conduct establishes grounds for discipline as provided in C.R.C.P. 241.6(5)[2] (any act or omission which violates the criminal laws of this state), violation of Colorado Rules of Professional Conduct ("Colo.RPC") 8.4(a)(violation of the Colorado Rules of Professional Conduct) and Colo. RPC 8.4(d)(engaging in conduct that is prejudicial to the administration of justice).

---

1. On January 1, 1999 the title of the Disciplinary Counsel became Regulation Counsel.

2. Repealed effective January 1, 1999 and replaced by C.R.C.P. 251.5(b).

On or about September 8, 1998, complainant filed a Motion for Summary Judgment on the grounds that Jaramillo admitted in his Answer all material facts alleged in the Complaint. By Order dated October 6, 1998, then presiding officer Frey entered summary judgment in favor of complainant and against Jaramillo, finding that Jaramillo had violated the criminal laws of the State of Colorado contrary to C.R.C.P. 241.6(5) by (a) driving without insurance, (b) driving while his license was under restraint, and (c) leaving the scene of an accident. The Order granting summary judgment also found that Jaramillo violated Colo. RPC 8.4(d) by his admitted conduct in failing to pay child support as required by court order. Accordingly, the issue to be resolved by the hearing board was whether Jaramillo's conduct constituted a violation of Colo. RPC 8.4(a). The hearing board would then consider evidence as to aggravation and mitigation and decide the sanctions to be imposed, if any.

## IV. FINDINGS OF FACT

The hearing board heard testimony from the complainant's witnesses Victor Tapia ("Tapia") Steven Buchner, and Tanya Olsen. The complainant's Exhibits 1, 2, 3, 4, 6, 7, 8, and 9 were received into evidence. The hearing board considered the testimony and exhibits admitted, assessed the credibility of the witnesses, and made the following findings of fact which were established by clear and convincing evidence:

On or about May 17, 1997, Tapia was travelling on University Boulevard at First Avenue in Denver, Colorado when his vehicle was rear ended by Jaramillo. Jaramillo did not stop to exchange accident or insurance information with Tapia. A witness to the accident followed Jaramillo's vehicle and reported the license number to the Denver Police Department, which determined that Jaramillo was the driver of the vehicle. Jaramillo was served with a summons for careless driving and failure to provide proof of insurance. Tapia called Jaramillo regarding the damage to his vehicle. Jaramillo indicated that he didn't want to report the matter to his insurance, but would arrange for the repair of Tapia's car. Jaramillo was, in fact, uninsured at the time of the accident. On May 12, 1997, five days before the accident, Jaramillo's driver's license was suspended pursuant to the Motor Vehicle Financial Responsibility Law, § 42-2-127.5(1), 11 C.R.S. (1998) due to non-payment of child support. Eventually, the repairs to Tapia's vehicle and the cost of a rental vehicle were paid using a credit card issued to Jaramillo's acquaintance.[3]

On or about November 7, 1997, the Office of the District Attorney charged Jaramillo with driving under suspension, violating duties in regard to an accident and violating the duty to report an accident pursuant to § 42-4-1601 *et seq.* 11 C.R.S. (1998). On or about December 2, 1997, Jaramillo entered into a plea agreement, pleading guilty to reckless driving, and received a fine and a suspended jail sentence.

The evidence further established that Jaramillo was divorced in 1991 and as part of that proceeding the court entered a child support order requiring Jaramillo to pay child support. Although Jaramillo made a few payments pursuant to the court Order, by February 1996 Jaramillo was in arrears on child support in the amount of $11,296.77. The amount of the arrearages was reduced to judgment on February 7, 1996. No payment on the outstanding judgment has been made. Moreover, since the entry of the judgment, Jaramillo has failed to pay current child support obligations under the child support Order.

## V. CONCLUSIONS OF LAW

Pursuant to the summary judgment entered in this matter, no issue of fact or law

---

3. The credit card used to pay for the damage to Tapia's vehicle was in the name of Steven Buchner and his former spouse, Jaramillo's acquaintance. Mr. Buchner's former spouse is under a court Order to pay the credit card charges. Although Regulation Counsel requested that the hearing board require Jaramillo to reimburse Mr. Buchner for the credit card charges, no evidence was presented relating to arrangements between Jaramillo and Mr. Buchner's former spouse from which the hearing board could conclude that such a payment was required. The resolution of the dispute over the credit card charge is between Mr. Buchner and his former spouse and must be resolved in another forum.

remains as to whether Jaramillo violated Colo. RPC 8.4(d) and the criminal laws of the State of Colorado contrary to C.R.C.P. 241.6(5). Further, no question of fact or law remains as to whether Jaramillo violated a court Order regarding child support, and thereby engaged in conduct that is prejudicial to the administration of justice.

Colo. RPC 8.4(a) provides that it is professional misconduct for a lawyer to "violate or attempt to violate the rules of professional conduct, knowingly assist or induce another to do so, or do so through the act of another." Based on the Complaint, Answer, the Summary Judgment, and the evidence presented at trial, the court and hearing board find that Jaramillo's conduct constitutes a violation of Colo. RPC 8.4(a).

## VI. SANCTIONS/IMPOSITION OF DISCIPLINE

█ It is apparent that Jaramillo's conduct demonstrates a flagrant disregard and lack of respect for the law, and a disregard for his duties and obligations as a lawyer to comport his personal conduct in accordance with the law and court orders. Pursuant to the ABA STANDARDS FOR IMPOSING LAWYER SANCTIONS (1991 & Supp.1992) ("ABA Standard") 5.12, suspension is generally appropriate when a lawyer knowingly engages in criminal conduct ... that seriously adversely reflects on the lawyer's fitness to practice. Pursuant to ABA Standard 6.22, suspension is appropriate when a lawyer knowingly violates a court order or rule, and there is injury or potential injury to a client or a party, or interference or potential interference with a legal proceeding.

Jaramillo's actions at issue here constitute two distinct episodes of conduct: his conduct associated with the automobile accident, and his failure to obey a court order concerning child support. Each episode would warrant a separate sanction. Because Regulation Counsel has pled this matter requesting a single sanction, the hearing board imposes a single sanction.

The Colorado supreme court has imposed sanctions ranging from public censure to three-year suspension for conduct involving serious traffic related convictions. *See People v. Van Buskirk,* 962 P.2d 975, 977 (Colo.1998)(suspending respondent from the practice of law for six months for, *inter alia* criminal and traffic convictions); *People v. Hughes,* 966 P.2d 1055, 1056 (Colo.1998)(holding that respondent's continued operation of motor vehicle after license was revoked and failure to appear in two cases involving illegal driving warranted a three year suspension); *People v. McGuire,* 935 P.2d 22, 24 (Colo.1997)(suspending respondent from the practice of law for six months for, *inter alia,* two DUI convictions for driving while license was suspended, and a conviction for disturbing the peace); *People v. Shipman,* 943 P.2d 458, 459 (Colo.1997)(suspending respondent from the practice of law for six months for, *inter alia,* driving while ability impaired following an automobile collision, and conviction for domestic violence). Violation of court orders regarding child support warrants similar sanctions. *See People v. Tucker,* 837 P.2d 1225, 1229 (Colo.1992)(suspending respondent for six months for failure to pay child support). *See also People v. Hanks,* 967 P.2d 144, 146 (Colo.1998)(suspending respondent from the practice of law for one year and one day for chronically failing to make court-ordered child support payments).

█ Pursuant to ABA Standard 9.2, Jaramillo's conduct includes aggravating factors: multiple offenses, refusal to acknowledge the wrongful nature of the conduct, selfish motive, vulnerability of the victims, and indifference to making restitution. It is significant that in relation to the automobile accident, Jaramillo attempted to avoid responsibility for his conduct by leaving the scene of an accident, failing to come forward voluntarily, and only cooperating after he was contacted by the police. Jaramillo's clear indifference to his legal obligations reflects adversely on his honesty, trustworthiness and fitness as a lawyer. The fact that Jaramillo was successful in reducing the charges against him through a plea agreement neither diminishes the serious nature of his misconduct nor impedes this hearing board from considering the totality of his actions. *Cf. People v. Morley,* 725 P.2d 510, 514 (Colo.1986)(holding that evidence of professional misconduct ob-

tained by law enforcement officers should be admissible at a disciplinary proceeding unless the officers themselves engaged in outrageous misconduct or acted in bad faith obtaining the challenged evidence); *People v. Harfmann*, 638 P.2d 745, 748 (Colo.1981)(holding that the very nature of disciplinary proceedings dictates that the exclusionary rule should not bar the admission of relevant evidence).

Jaramillo's refusal to comply with a court Order requiring payment of child support for over seven years is unjustifiable and is directly prejudicial to the administration of justice. His failure to abide by the terms of the court Order imposed hardship on his children and his former wife. His continuing refusal to pay child support reinforces the hearing board's finding that his conduct is fostered by a selfish motive, reflects a pattern of conduct, and takes advantage of the vulnerability of his family, all aggravating circumstances under ABA Standard 9.22.

■ ABA Standard 9.3 includes as a mitigating factor the absence of a prior disciplinary record. The hearing board does not accord much weight to this factor under the circumstances of this case. Jaramillo's failure to attend the hearing precludes consideration of any other mitigating factors.

### VII. ORDER

IT IS THEREFORE ORDERED, Benjamin Antonio Jaramillo is suspended from the practice of law for one year and one day, effective thirty-one days from the date of this Order. Upon submission of proof that the full child support arrearages, including the February 7, 1997 judgment, have been paid in full on or before September 11, 1999, ninety days of the suspension will be stayed. Jaramillo is required to apply for reinstatement according to the following terms:

1. Demonstrate that all arrearages for child support including judgments arising therefrom are paid in full;

2. Demonstrate that all costs and expenses arising from this disciplinary proceeding are paid in full;

3. Demonstrate compliance with C.R.C.P. 251.28(a) through (d);

4. Meet all requirements set forth in C.R.C.P. 251.29(b), (c), (d), (e), (g) and (i), and

5. Attend the Ethics Seminar sponsored by the Office of Attorney Regulation.

Costs and expenses incurred in the investigation and prosecution of this action are awarded against Jaramillo. The Regulation Counsel shall submit an itemization of costs and expenses to the Presiding Disciplinary Judge within fifteen days of this Order. Respondent shall have ten days within which to object to the itemization. The court will review the itemization and any objection thereto and issue an appropriate Order.