**In the Matter of: Tom Alan VAN BUSKIRK, Attorney–Respondent.**

**No. 99SA57.**

Supreme Court of Colorado, En Banc.

June 1, 1999.

that they have access to this type of information than that it remain confidential.'') (emphasis

John S. Gleason, Attorney Regulation Counsel, Luain T. Hensel, Assistant Regulation Counsel, Denver, Colorado.

Craig L. Truman, Denver, Colorado, Attorney for Attorney–Respondent.

PER CURIAM.

Tom Alan Van Buskirk is the respondent in this lawyer discipline case. He was initially licensed to practice law in Colorado in 1988. He entered into a conditional admission with the Office of Disciplinary Counsel in which he consented to either a three-year suspension or disbarment. An inquiry panel of the grievance committee approved the conditional admission and recommended a three-year suspension. We accept the conditional admission and the panel's recommendation.

### I.  *The Conditional Admission*

The conditional admission addresses the allegations of misconduct contained in the formal complaint filed in GC 98B–46, as well as Count III of GC 97B–63. The remaining counts in GC 97B–63 were resolved by a conditional admission in *People v. Van Bus-*

omitted).

*kirk,* 962 P.2d 975 (Colo.1998). We suspended Van Buskirk for six months with the requirement that he must petition for reinstatement. *See id.* at 977. The misconduct in that case involved Van Buskirk's convictions for hit and run, careless driving, disorderly conduct, and DUI. We noted that the conduct in Count III of GC 97B–63 was not included in the conditional admission because it was the subject of pending criminal charges. *See id.* at 976. Those criminal charges have now been resolved.

### A.  GC 98B–46

At about 1:30 a.m. on August 9, 1997, Van Buskirk climbed up the outside of a building and onto the second floor balcony of Sheila McCombs–Smith, his former fiancée, and knocked on the door. She asked him to meet her at the base of the stairway to the building. When he did they had a brief discussion and then she struck him and threatened to call the police. Van Buskirk grabbed McCombs–Smith's cordless phone and threw it across the parking lot. When she ran back to her apartment, Van Buskirk followed her inside, uninvited. Kenneth Tilton, a friend of McCombs–Smith's, was inside. According to the conditional admission, Van Buskirk "and Mr. Tilton had contact, which resulted in Mr. Tilton falling onto a glass-top table, which broke." Van Buskirk then left the apartment at Tilton's request.

The Aurora police were unsuccessful in contacting Van Buskirk, but he eventually turned himself in. He was charged with first-degree burglary, a class 3 felony; third-degree assault, a class 1 misdemeanor; harassment, a class 3 misdemeanor; and violation of a bail bond condition, a class 6 felony. On November 2, 1998, Van Buskirk pleaded guilty to one count of second-degree burglary, a class 4 felony, and received a four-year deferred sentence. The other charges were dismissed.

Van Buskirk has stipulated that the foregoing conduct violated Colo. RPC 8.4(b) (engaging in conduct violating the criminal laws); 8.4(h) (engaging in conduct adversely reflecting on a lawyer's fitness to practice); as well as C.R.C.P. 241.6(5) (violating the criminal laws of a state or the United States).

### B.  *Count III of GC 97B–63*

The charges in Count III arose from a domestic disturbance involving McCombs–Smith. Van Buskirk broke into her apartment when she was out at about 2:00 a.m. on the morning of September 28, 1996. He looked at her telephone records, listened to messages on her answering machine, and made telephone calls to two people who had left messages. He then went to sleep in McCombs–Smith's bed. She returned sometime after 3:00 a.m. A neighbor heard a disturbance in McCombs–Smith's apartment and called the police. Van Buskirk was arrested and charged with first-degree burglary, wiretapping, third-degree assault, and criminal mischief. After a preliminary hearing, Van Buskirk was bound over on charges of first-degree trespass and wiretapping. The other charges were dismissed.

On November 2, 1998, Van Buskirk pleaded guilty to third-degree assault, a class 1 misdemeanor, and he will be sentenced to two years of probation, and up to sixty days in jail, in addition to other conditions. Van Buskirk has stipulated that his conduct again violated Colo. RPC 8.4(b), 8.4(h), and C.R.C.P. 241.6(5).

### II.  *The Sanction*

■ Van Buskirk has agreed to either a three-year suspension or disbarment. The inquiry panel recommended suspension for three years. In the absence of aggravating or mitigating factors, the ABA *Standards for Imposing Lawyer Sanctions* (1991 & Supp. 1992) (ABA *Standards*) call for suspension as the appropriate sanction when "a lawyer knowingly engages in criminal conduct which does not contain the elements listed in Standard 5.11 and that seriously adversely reflects on the lawyer's fitness to practice." ABA *Standards* 5.12.

■ Van Buskirk's misconduct in this case is very similar to his conduct in *People v. Van Buskirk,* 962 P.2d 975, 975–76 (Colo. 1998). There we suspended Van Buskirk for six months with the requirement that he must petition for reinstatement. *See id.* at 977. Were we to treat the *Van Buskirk* case

as previous discipline, disbarment in this case would be appropriate. "Disbarment is generally appropriate when a lawyer: ... (b) has been suspended for the same or similar misconduct, and intentionally or knowingly engages in further acts of misconduct that cause injury or potential injury to a client, the public, the legal system, or the profession." ABA *Standards* 8.1(b). All of the acts complained of in this case, however, occurred before the imposition of discipline in 1998. In fact, as noted above, the conditional admission that was accepted in *Van Buskirk* expressly reserved Count III of GC 97B–63 for future disposition. Van Buskirk's conduct in the 1998 case and this case are more properly viewed as a pattern of misconduct. *See People v. Williams,* 845 P.2d 1150, 1152 n. 3 (Colo.1993); ABA *Standards* 9.32(c). The complainant has indicated that the following mitigating factors are present in this case: Van Buskirk has made full and free disclosure to the disciplinary authorities, *see id.* at 9.32(e); and other penalties and sanctions have been imposed, *see id.* at 9.32(k).

Considering the nature of the conduct together with the factors in mitigation, we conclude that a long period of suspension, rather than disbarment, is adequate in this case. Accordingly, we accept the conditional admission and the inquiry panel's recommendation and impose discipline in the nature of a long period of suspension.

### III.

It is hereby ordered that Tom Alan Van Buskirk be suspended for three years, effective upon the date of this opinion. It is further ordered that Van Buskirk pay the costs of this proceeding in the amount of $48.13 to the Attorney Regulation Committee, 600 Seventeenth Street, Suite 200 South, Denver, Colorado 80202–5432, within thirty days after the release of this opinion.