**Robert J. REAVES, Petitioner,**

v.

**The PEOPLE of the State of Colorado, Respondent.**

**No. 02PDJ048.**

Office of the Presiding Disciplinary Judge of the Supreme Court of Colorado.

Nov. 19, 2002.

Opinion issued by a Hearing Board consisting of the Presiding Disciplinary Judge ROGER L. KEITHLEY and Hearing Board Members THOMAS J. OVERTON and MARILYN L. ROBERTSON, both members of the bar.

**OPINION AND ORDER READMITTING ROBERT J. REAVES TO THE PRACTICE OF LAW**

*ATTORNEY REINSTATED TO THE PRACTICE OF LAW*

On September 23, 2002, a reinstatement hearing was held pursuant to C.R.C.P. 251.29(b) before a Hearing Board consisting of the Presiding Disciplinary Judge ("PDJ") and two hearing board members, Thomas J. Overton and Marilyn L. Robertson, both members of the bar. George S. Meyer represented Robert J. Reaves ("Reaves"), attorney registration no. 16675. James C. Coyle, Deputy Attorney Regulation Counsel, repre-

sented the People of the State of Colorado (the "People"). Patricia Gatewood, C.J. White, Ph.D., Sidney McDaniel, Herb Marcus and Fred Lopez testified on behalf of Robert Reaves, who also testified on his own behalf. Exhibits A and D were offered by Reaves and admitted into evidence.

The Hearing Board considered the testimony and exhibits admitted, assessed the credibility of the witnesses, and made the following findings of fact which were established by clear and convincing evidence.

## I. FINDINGS OF FACT

Reaves has taken the oath of admission and was admitted to the Bar of the State of Colorado on July 7, 1987, and is registered upon the official records of the Supreme Court under attorney registration no. 16675. Reaves was suspended from the practice of law for a period of six months by Order of the Supreme Court issued August 18, 1997. The suspension was effective immediately. *People v. Reaves*, 943 P.2d 460 (Colo.1997). The six-month suspension arose from three convictions consisting of driving while ability impaired, harassment, and disorderly conduct arising from two separate domestic violence incidents involving his wife.[1]

In the first incident, Reaves was arrested on a domestic violence charge involving his wife on October 22, 1993. He pled guilty to harassment, a class 3 misdemeanor, *see* § 18–9–111(1)(a), 8B C.R.S. (1986). He received a deferred judgment contingent on the completion of twenty-four months probation and forty-eight hours useful public service. He was also required to complete a domestic violence evaluation and required to abide by the evaluator's recommendations. Reaves complied with the conditions of the deferred judgment and the matter was dismissed.

In the second incident, on November 27, 1993, Reaves was again arrested for domestic violence involving his wife. When the police arrived, Reaves did not answer the door. When the police gained entry twenty minutes later, Reaves falsely told them that he had been sleeping for the past two hours and asked them what was going on. He was taken into custody.[2] He pled guilty to disorderly conduct, a class 1 petty offense, *see* § 18–9–106(1)(a), 8B C.R.S. (1986), and was placed on eighteen months probation.

In the third incident, Reaves was arrested on April 10, 1994 for driving under the influence of alcohol. Reaves pled guilty to driving while ability impaired and was sentenced to forty-five days in jail, suspended; twenty-four months probation; forty hours of Level II alcohol education, and forty-eight hours of useful public service. He was also required to use antabuse during probation, pay $416 in court costs, attend a victim impact panel, and regularly participate in the Colorado Lawyer's Health Program for attorneys with substance abuse problems.

With regard to each of the above convictions, Reaves stipulated that his conduct constituted separate violations of Colo. RPC 8.4(b)(it is professional misconduct for a lawyer to commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer) and C.R.C.P. 241.6(5)(any act or omission which violates the criminal laws of this state or any other state, or of the United States shall constitute grounds for discipline).[3] Reaves stipulated that his failure to report each of the three convictions in writing within ten days of the conviction to the Office of Disciplinary Counsel[4] constituted a violation of C.R.C.P. 241.16(b)(Every lawyer subject to these Rules, upon being convicted of a crime ... shall notify the Disciplinary Counsel in writing of such conviction within ten days after the date of the conviction).[5] Reaves was

---

1. Although Reaves was only suspended for a period of six months, he did not apply for reinstatement within the time frame set forth in C.R.C.P. 251.29(B).

2. The Complaint did not charge Reaves with a violation of Colo. RPC 8.4(c) for attempting to deceive the police.

3. C.R.C.P. 241.6 was replaced by C.R.C.P. 251.4 effective January 1, 1999.

4. Effective January 1, 1999, Disciplinary Counsel was designated as the Office of Attorney Regulation Counsel. *See* C.R.C.P. 251.3.

5. C.R.C.P. 241,16 was replaced by C.R.C.P. 251.20 effective January 1, 1999.

ordered to pay costs of the disciplinary proceeding within thirty days of the date of the opinion. *Reaves,* 943 P.2d at 463.

Following his suspension in August 1997, Reaves worked as a teacher with neglected and delinquent juvenile offenders and children with behavior disorders at Denver Children's Home and Mountview Youth Detention Center. He taught literacy and life skills to at-risk youth.

Reaves has been teaching eighth grade social studies to students at Martin Luther King for the last two years, and has consistently received outstanding teacher evaluations. Additionally, C.J. White, Ph.D, Chairman of the African–American Studies Department at Metropolitan State College employed Reaves as a part-time Adjunct Professor in that department, primarily in the areas of African–American studies and history. As indicative of his trust in Reaves, White asked Reaves to work as an appointed consultant/speaker to the community representing the African–American Studies Department at Metropolitan State College.

Sydney R. McDaniel, a CAC III Alcohol and Drug Counselor for the State of Colorado, confirmed that Reaves has abstained from the use of alcohol for many years, that he is in remission and has abstained from any use of alcohol for over eight years with no relapses.

Since the incidents giving rise to his suspension, there have been no further instances of domestic violence. Reaves attributed the domestic violence events as resulting directly from his alcohol abuse and anger control. His recovery is founded on anger management education, domestic abuse counseling, alcohol counseling, and his sustained sobriety. He has successfully rebuilt his marriage.

Reaves has remained current in the law by taking Continuing Legal Education courses. He has completed a total of forty-seven general and eight ethics credits since November 1999. For approximately an eighteen month period, Reaves performed paralegal services for an attorney who found Reaves to be competent and thorough. While performing paralegal activities, Reaves drafted pleadings and performed research.

Fred Lopez, an attorney with the Public Defender's office for the Aurora Municipal Court who had supervised Reaves prior to his suspension, held Reaves's lawyering skills in high regard. While under Lopez's supervision, Reaves was known as a skilled trial lawyer who was always prompt and prepared. Lopez stated that he would be willing to re-employ Reaves.

During the course of the reinstatement hearing, the People stipulated that Reaves had substantially complied with the terms and conditions of the matters giving rise to his suspension, with all disciplinary orders, and with all of the requirements for reinstatement under C.R.C.P. 251.29. The People stipulated to Reaves' reinstatement.

## II. CONCLUSIONS OF LAW

Initiation of the reinstatement process begins with the submission of a Petition for Reinstatement. C.R.C.P. 251.29 provides in part:

> (b) An attorney who has been suspended for a period longer than one year must file a petition with the Presiding Disciplinary Judge for reinstatement and must prove by clear and convincing evidence that the attorney has been rehabilitated, has complied with all applicable disciplinary orders and with all provisions of this chapter, and is fit to practice law.

C.R.C.P. 251.29(c) requires that the attorney's Petition for Reinstatement set forth, in part:

> (3) The facts other than passage of time and absence of additional misconduct upon which the petitioning attorney relies to establish that the attorney possesses all of the qualifications required of applicants for admission to the Bar of Colorado, fully considering the previous disciplinary action taken against the attorney; [6]

---

**6.** This subsection incorporates the concept that neither the passage of time nor the absence of additional misconduct, standing alone, is sufficient to establish rehabilitation. *See In re Sharpe,* 499 P.2d 406, 409 (Okla.1972).

(4) Evidence of compliance with all applicable disciplinary orders and with all provisions of this Chapter regarding actions required of suspended attorneys;

(5) Evidence of efforts to maintain professional competence through continuing legal education or otherwise during the period of suspension.

The attorney seeking reinstatement must establish the three elements set forth in the rule by clear and convincing evidence. *See* C.R.C.P. 251.29(d). Thus, an attorney who desires reinstatement after suspension must bear the burden of proving that he or she is: (1) rehabilitated; (2) has complied with all applicable disciplinary orders and all provisions of the Colorado Rules of Civil Procedure relating to attorney discipline regarding actions required of suspended attorneys, and (3) is fit to practice law. All three of the elements of proof must be established before reinstatement may be authorized. *Goff v. People*, 35 P.3d 487, 494 (Colo.2000).

Additionally, certain criteria must be considered in reinstatement proceedings in order to evaluate an attorney's rehabilitation. In *People v. Klein*, 756 P.2d 1013 (Colo.1988), the Supreme Court set forth criteria which must be considered in reinstatement proceedings in order to evaluate an attorney's rehabilitation. Klein requires:

Any determination of that issue [rehabilitation] must include consideration of numerous factors bearing on the petitioner's state of mind and professional ability, including character, conduct since the imposition of the original discipline, professional competence, candor and sincerity, present business pursuits, personal and community service, and the petitioner's recognition of the seriousness of his previous misconduct.

The Hearing Board accepted the People's stipulation that Reaves has substantially complied with all applicable disciplinary orders and all provisions of the Colorado Rules of Civil Procedure relating to attorney discipline. The stipulation establishes that portion of the three-part reinstatement test and the requirements imposed by C.R.C.P. 251.29(c)(4).

Reaves's prior disciplinary matter arose from three convictions, driving while ability impaired and two separate incidents of domestic violence. All three of the episodes reveal character deficits present at the time the events transpired. Reaves acknowledges that his character deficits emerged as a result of his alcohol abuse.

In an effort to understand the underlying reasons for his behavior, Reaves has sought professional evaluation and counseling. Reaves served twenty-four months probation including required use of antabuse, performed forty-eight hours useful public service, completed a domestic violence evaluation, completed forty hours of Level II alcohol education, attended a victim impact panel, regularly participated in the Colorado Lawyer's Health Program for attorneys with substance abuse problems, and paid the costs ordered by the court. As a result of these activities he had successfully maintained his marriage with no further incidents of domestic abuse.

Reaves candidly recognizes the seriousness of his previous misconduct, and has actively taken numerous steps to prevent its reoccurrence. Understanding that alcohol was the root of his problem, Reaves has undertaken therapy and classes for his alcohol addiction. He has had no recurrences of alcohol use during the last eight years.

Reaves has remained current in his study of the law through legal education courses, and, though his work as a paralegal, demonstrated competence in the practice of law. His prior supervisor spoke highly of his professional competence and confirmed that he would offer Reaves a position as an attorney once he was reinstated. More important than the opinion of those for whom he has worked, however, is Reaves's own conduct.

Reaves's willingness to counsel at-risk youth and share with them his own mistakes is strong evidence of his genuine understanding of his prior misconduct and real character change. During his suspension, Reaves contributed to the community by renewing his Colorado teacher's license and teaching middle school at Martin Luther King Jr. High School. He also taught neglected and delinquent juvenile offenders at the Denver

Children's Home and Mountview Youth Center. Reaves has continued teaching students as a part-time faculty member in the African–American Studies Department at Metropolitan State College. In that capacity, Reaves also performs community service by community outreach in his appointed role as representative of the African–American Studies Department.

Reaves expressed sincere remorse for his actions resulting in the underlying disciplinary proceeding, is committed to remaining substance free, and is committed to contributing to society through the practice of law.

Under the factors set forth in *Klein*, 756 P.2d at 1016, and *Goff*, 35 P.3d at 494, and the requirements of C.R.C.P. 251.29, Reaves established by clear and convincing evidence that he is rehabilitated, has complied with all applicable disciplinary orders and all provisions of the Colorado Rules of Civil Procedure relating to attorney discipline, and is fit to practice law.

Recognizing that recurrence of substance abuse is an ever-present possibility among those addicted to substances, Reaves's reinstatement to the practice of law is expressly conditioned upon his abstinence from all alcohol and non-prescription drug use for a period of twelve months. *See* C.R.C.P. 251.29(e).

## III. ORDER OF REINSTATEMENT

It is therefore ORDERED:

ROBERT J. REAVES, attorney registration number 16675 is reinstated to the practice of law effective thirty-one days from the date of this order subject to the following conditions:

1. Reaves shall abstain from all alcohol and non-prescription drug use for a period of twelve months. In the event the Office of Attorney Regulation Counsel becomes aware that Reaves has violated this condition, the reinstatement order shall be subject to revocation upon motion of the People.

2. Reaves shall pay all the costs of the reinstatement proceeding. The People shall file a Statement of Costs or Notice that costs have been paid within fifteen (15) days of the date of this Order. Petitioner shall have five (5) days thereafter to file a Response.